ORIGINAL

~~SEALED~~

*Ordered Unsealed per 8/22/08 Minutes.*

**FILED**

JUL 28 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  **DAVID M.C. PETERSON**
California Bar No. 254498
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California 92101-5008
Telephone: (619) 234-8467
4  David_Peterson@fd.org

5  Attorneys for Mr. Esparza-Gutierrez

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE LARRY A. BURNS)**

11  UNITED STATES OF AMERICA,      )    Criminal No. 08CR0416-LAB
                                   )
12          Plaintiff,             )    Date:  August 18, 2008
                                   )    Time:  3:00 p.m.
13  v.                             )
                                   )    NOTICE OF MOTIONS AND MOTIONS TO:
14  FRANCISCO ESPARZA-GUTIERREZ,   )    1)   COMPEL SPECIFIC PERFORMANCE OF
                                   )         BARGAINED-FOR PLEA AGREEMENT;
15                                 )    2)   DISMISS THE INDICTMENT BASED
            Defendant.             )         ON FLAGRANT PROSECUTORIAL
16                                 )         MISCONDUCT.
                                   )
17

18  TO:    KAREN P. HEWITT. UNITED STATES ATTORNEY; AND
          NICOLE JONES, ASSISTANT UNITED STATES ATTORNEY:
19

20        **PLEASE TAKE NOTICE** that on Monday, August 18, 2008, at 3:00 p.m., or as soon thereafter as

21  counsel may be heard, the accused, Francisco Esparza-Gutierrez, by and through his attorneys, David M.C.

22  Peterson, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the

23  motions listed below.

24  //

25  //

26  //

27  //

1

## MOTIONS

2    Francisco Esparza-Gutierrez, the accused in this case, by and through his attorneys, David M.C.

3  Peterson, and Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments

4  to the United States Constitution, Federal Rules of Criminal Procedure, Rules 8, 12, 14 and 16, and all other

5  applicable statutes, case law and local rules, hereby moves this court for an order:

6    1)    to compel specific performance of the plea agreement in front of a different district judge;

7        and,

8    2)    dismiss the indictment based upon flagrant prosecutorial misconduct.

9    These motions are based upon the instant motions and notice of motions, the attached statement of

10  facts and memorandum of points and authorities, and any and all other materials that may come to this

11  Court's attention at the time of the hearing on these motions.

12                                    Respectfully submitted,

13

14  Dated: July 29, 2008

15                                    David M.C. Peterson
                                     Federal Defenders of San Diego, Inc.
16                                    Attorneys for Mr. Esparza-Gutierrez
                                     David_Peterson@fd.org

17

18

19

20

21

22

23

24

25

26

27

28

**DAVID M.C. PETERSON**
California Bar No. 254498
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
David_Peterson@fd.org

Attorneys for Mr. Esparza-Gutierrez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08CR0416-LAB-1 |
| Plaintiff, | ) | Date: July 28, 2008 |
| | ) | Time: 3:00 p.m. |
| v. | ) | |
| | ) | STATEMENT OF FACTS AND |
| FRANCISCO ESPARZA-GUTIERREZ, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| Defendant. | ) | DEFENDANT'S MOTIONS |
| | ) | |

**I.**

**THE GOVERNMENT BREACHED A PLEA AGREEMENT TO PROVIDE MR. ESPARZA-GUTIERREZ WITH A CHARGE BARGAIN TO A MISDEMEANOR UNDER 8 U.S.C. § 1325**

**A.    Summary.**

Mr. Esparza-Gutierrez entered into an oral plea agreement. His end of the bargain was that he would not oppose a government motion for reversal of the case of Mr. Esparza-Gutierrez based upon one out of three issues he had raised on appeal. The attorney for the government, Caleb Mason, agreed that on remand the government would (1) dismiss the information under 8 U.S.C. § 1326(a), a felony; and (2) charge Mr. Esparza-Gutierrez under and allow him to plead guilty to a violation of 8 U.S.C. § 1325, a misdemeanor. Following Mr. Esparza's conformance with and reliance on this agreement, the government breached the agreement between itself and Mr. Esparza by denying the existence of the agreement and repudiating it.

Because the government has fully breached a post-appeal plea agreement—into which Mr. Esparza-Gutierrez entered and upon which he detrimentally relied—the appropriate remedy is specific performance

1  of the agreement in front of a different District Judge.

2      In addition, because the government repudiated the post-plea agreement, the issues raised on appeal

3  are no longer moot, and Mr. Esparza-Gutierrez renews his objections as follows.

4      (1)    The government's initial recommendation that the court calculate the sentence based upon

5          a total offense level of 10, following a four-level adjustment under § 2L1.2(b)(1)(a), was a

6          breach of the initial plea agreement; and

7      (2)    the court's finding of a four-level enhancement was erroneous, because there was no evidence

8          in the record of a deportation subsequent to conviction.

9      The government's statements at the hearing, as well as the amended sentencing summary chart,

10  confirm that both issues raised at the original sentencing are not moot, as government counsel stated that

11  as of June 28, 2008, the government did not have evidence of a deportation subsequent to the conviction

12  alleged in the criminal history report prepared by probation.  Mr. Esparza hereby renews his initial

13  objections; *i.e.*, first, the government did not have the proof to recommend a +4 enhancement pursuant to

14  U.S.S.G. § 2L1.2 but did so nonetheless and second by doing so they breached the original plea agreement

15  the entered into with Mr. Esparza which clearly provided that no such enhancement was appropriate.

16  **B.**    **Statement of Facts.**

17      **i.**    **Procedural Background For Case No. 08CR416-LAB**

18      Mr. Esparza-Gutierrez pled guilty pursuant to a plea agreement signed by himself and defense

19  counsel on February 21, 2008, and by Assistant United States Attorney Mark Conover on February 22, 2008.

20  Docket No. 10, filed February 26, 2008.  He was sentenced on March 24, 2008 in this Court.  At the

21  sentencing hearing, Mr. Esparza-Gutierrez made three objections.  First, he objected to the government

22  recommendation of a total offense level of ten, as a breach of the plea agreement, which stated that the

23  government would recommend sentencing at an agreed upon total offense level of six.  Second, Mr. Esparza-

24  Gutierrez objected that the government had not provided sufficient evidence of a deportation subsequent to

25  conviction to merit a four-level increase under USSG § 2L1.2(b)(1)(D).  Third, Mr. Esparza-Gutierrez

26  objected to the sentence, which was five years of probation, with the first condition being that he remain in

27  the custody of the bureau of prisons for the first 9 months of his probation.

28      Following the hearing, Mr. Esparza-Gutierrez filed a notice of appeal.  Docket No. 18, filed March

28, 2008.  He appealed to the Ninth Circuit based upon on each of the three objections.  He argued that (1) the government had breached the plea agreement by recommending sentencing at a total offense level of ten, as opposed the agreed upon total offense level of 6 as promised in the plea agreement; (2) the four-level enhancement for a prior deportation subsequent to a felony conviction under 2L1.2(b)(1)(D) was based upon insufficient evidence; and (3) this court's sentence of nine months custody as a condition of five years' probation was unlawful under the statute authorizing probationary sentences.  See General Docket, United States Court of Appeal for the Ninth Circuit, Case No. 08-50157 ("Ninth Circuit Docket") No. 5.  Following a motion to expedite, Mr. Esparza-Gutierrez mailed the appeal on June 2, 2008, and it was listed as filed on June 4, 2008.  Id.

On June 30, 2008, the government filed a "Dispositive Motion for Summary Reversal, To Remand Case To District Court."  See Ninth Circuit Docket No. 6.  The following day, Mr. Esparza-Gutierrez filed a responsive non-opposition to the government's motion.  See Ninth Circuit Docket No. 7.

On July 24, the Ninth Circuit filed a two-sentence memorandum disposition granting the motion for summary reversal and ordering the mandate to issue forthwith.  See Ninth Circuit Docket No. 8.  The same day, the mandate was issued.  See Ninth Circuit Docket No. 8.

**ii.    Negotiations During the Pendency of the Appeal.**

Undersigned defense counsel and Caleb Mason, the Assistant United States Attorney who was assigned to write the appeal on behalf of the government, began negotiating during the appeal.  See Exhibit A, Declaration of David M.C. Peterson, Esq.  The negotiations were begun by Caleb Mason, who stated, in essence, that the government was not enthusiastic about pursuing the appeal.  He indicated that because under United States v. Forbes, 172 F.3d 675, 676 (9th Cir. 1999) the Ninth Circuit had held that the probation statute "precludes the imposition of both probation and straight imprisonment," at least one of the issues on appeal was meritorious.  See Exh. A.  He later indicated that the "big bosses" agreed that there was a problem with the language of the plea agreement.  Id.  On or about June 4, AUSA Caleb Mason called defense counsel.  Id.  He stated, in sum, that the he was interested in negotiating "some concession" rather than responding to the appeal, but he didn't believe that the government would cave on the breach issue and go in front of a different judge.  Id.  Mr. Mason indicated that on the first issue raised on appeal, whether there had been a breach, the remedy defense counsel was requesting in the appeal—specific performance

1  in front of a district judge—would necessitate that the government exercise its option under paragraph 8 of

2  the plea agreement and withdraw from or move to set aside the plea agreement, because he believed he could

3  not ethically make a recommendation based upon the guideline range called for in the plea agreement. Id.

4           Mr. Mason's initial proposal was made on or about June 17, 2008. Id. The proposal was that,

5  following remand, counsel for defense and the government "start from square one," negotiate a new

6  agreement for a charge bargain to 8 U.S.C. § 1001, False Statement to a Federal Officer. Id. The low end

7  of the guideline range would be six months custody, the client would save three months, get out from under

8  the five years of probation, and receive one or two years of supervised release instead. Id. Mr. Mason made

9  the above proposal by way of a telephone message, and stated that he wanted to know what defense counsel

10  thought of that proposal. Id.; see also Exhibit E, case note entry dated 6/17/2008.

11           On or about June 18, 2008, Mr. Mason again informed defense counsel that the government would

12  not concede breach and allow sentencing in front of a different judge, and thus any concession by the

13  government on appeal would not involve remand to a different judge. Id.; see also Exhibit E, entry dated

14  6/18/2008.

15           Defense counsel spoke with Mr. Mason later on that day and explained that the proposed charge

16  bargain to a False Statement was not a benefit for Mr. Esparza, because it would be highly likely that this

17  court would give him the same nine months custody under a § 1001 charge bargain as under a § 1326. Id.

18  However, a resolution that involved the government dismissing the § 1326 felony, as discussed, and

19  allowing Mr. Esparza-Gutierrez to plead guilty to a § 1325 misdemeanor, would be a mutually beneficial

20  agreement.

21           **iii.    The Negotiated Resolution.**

22           On or about June 18, 2008, defense counsel spoke with Mr. Mason again. Mr. Mason stated that,

23  although the government would not concede breach, they would offer a charge bargain of an 8 U.S.C. § 1325

24  misdemeanor, in lieu of either a 10-16 guideline range under a § 1326 plea or a 6-10 guideline range under

25  a § 1001 plea. Id. The statutory maximum on a 1325 misdemeanor is six months.

26           Defense counsel spoke with several attorneys in the office of federal defenders, including supervisory

27  attorney Steven Barth, Assistant Appellate Supervisor Vince Brunkow, and Trial Attorney Norma Aguilar.

28  Id.; See also Exh. B, Declaration of Steven L. Barth; Exhibit C, Declaration of Norma A. Aguilar; Exhibit

D, Declaration of Vincent J. Brunkow.  The general consensus was that a § 1325 misdemeanor was a deal worth taking, in lieu of continuing with the appeal. Exh. A.

Nonetheless, defense counsel did not immediately accept the offer by Mr. Mason. Id.  There was some difficulty with the proposed resolution because, under Rule 11(d), since sentence had been imposed, it was feared that this court would not allow the government to set aside the guilty plea nor allow Mr. Esparza-Gutierrez to withdraw from the guilty plea. See Rule 11(d) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack").  Defense counsel spoke with Mr. Mason about this, and neither party saw a resolution. Id.

Defense counsel discussed the difficulty with getting out of the plea agreement post-sentencing with Assistant Appellate Attorney Vince Brunkow, who explained that if the government conceded error on appeal, and asked the Ninth Circuit to vacate and remand for resentencing, once that occurred, under Rule 11, the government could move to set aside the plea or we could move to withdraw from the plea under the more lenient standard of for a "fair and just reason." Id.; see also Exh. D, Declaration of Vincent J. Brunkow.  Defense counsel informed Mr. Mason of this option, and both mutually agreed that this was the path we would follow. Id.

During these extended conversations, defense counsel referred to the crux of the negotiation for him—that, upon setting aside the guilty plea, the government would provide a charge bargain deal to a § 1325 misdemeanor—several times. Id.  Specifically, case notes from defense counsel dated June 18, 2008 indicated that, per a conversation with Mr. Mason, the government "won't concede breach, therefore no remand to different judge. But will offer 1325 misdo, in lieu of 10-16 or 6-10[.]" See Exhibit D, Case Notes of Defense Counsel.  On June 26, 2008, defense counsel's notes indicate that in a conversation with Mr. Mason, he stated that his "second offer" is that "they submit mtn for summary reversal and remand for resentencing. then they will move to set aside gp, we will move to w/draw, then will get 1325 misdo and stat cap burns at 6 mos[.]" See Exh. E, entry of 6/26/2008.

In reliance on these conversations and promises from Mr. Mason, defense counsel agreed that Mr. Esparza-Gutierrez would not oppose a government motion for summary reversal and remand for resentencing. See Exh. A.  In doing so, defense counsel made the conscious decision to forego the other two

1   issues on appeal, and not oppose a government motion for reversal and remand for resentencing. Id.

2   Counsel did so specifically in reliance on the promises by Mr. Mason to provide a negotiated plea agreement

3   for a § 1325 misdemeanor. Id. Defense counsel never would have given up his other two appellate issues

4   for an agreed reversal on the sentencing issue alone, which he was going to win anyway, absent a statutory

5   cap on the sentence on remand. Defense only agreed to do so based upon the agreement between him and

6   Mr. Mason, that the government would dismiss the § 1326 felony and charge Mr. Esparza under a § 1325

7   misdemeanor. Indeed, his supervising attorney Steven L. Barth specifically advised him not to take a deal

8   that did not place a statutory cap. See Exh. B.

9       Initially, Mr. Mason requested that defense counsel draw up a voluntary dismissal of the appeal. Id.;

10  see also Exh. E, entry of 6/23/2008. Defense counsel informed Mr. Mason via letter that, per our agreement,

11  the government should write the brief conceding error, and the Court of Appeals could then remand for

12  resentencing. See Letter to Caleb Mason, dated June 26, 2008, attached hereto as Exhibit F. The letter

13  stated that "Once the case is returned to Judge Burns for resentencing, the government will move to set aside

14  the plea agreement. If my understanding is in error, please let me know." See id.

15      Mr. Mason replied to the letter via email confirming that "if the motion I sent over works for you,

16  and you want to type up a quick response, we can send them in together, and all will be exactly as you ask

17  in your letter [. . .]." See Exhibit G, Email from Caleb Mason to Defense Counsel.

18      Soon thereafter, government counsel drafted and defense counsel approved a motion by the

19  government for summary reversal and remand. See Ninth Circuit Docket No. 7. Defense counsel submitted

20  a motion to the Ninth Circuit indicating that he did not oppose the government motion. See Ninth Circuit

21  Docket No. 7.

22      On July 24, 2008, the Ninth Circuit issued an unpublished decision of two sentences granting

23  Appellee-Government's Unopposed Motion for Summary Reversal and Remand, ordering that the mandate

24  spread forthwith. See Ninth Circuit Docket No. 8. On the same day, July 24, defense counsel called Mr.

25  Mason to inform him that Mr. Esparza-Gutierrez would be seeking to have the mandate spread as soon as

26  possible. Defense counsel also asked him if he would move to set aside the plea at the hearing where the

27  mandate was spread. Finally, defense counsel requested that he send over a plea agreement for a 1325

28  misdemeanor.

1   At that time, Mr. Mason told defense counsel that he did not recall an agreement for the government

2   to provide a charge bargain § 1325 misdemeanor. In a subsequent telephone conversation that day, Mr.

3   Mason indicated that the government would be providing no charge bargain to a § 1325 misdemeanor.

4   Specifically, he stated that it was against the policy of the United States Attorney's Office to offer a § 1325

5   misdemeanor following conviction for a § 1326 felony.

6   **B.    There Was An Enforceable Contract.**

7   "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that

8   it can be said to be a part of the inducement or consideration, such promise must be fulfilled." <u>Santobello</u>

9   <u>v. New York</u>, 404 U.S. 257, 262 (1971). "It is clear from <u>Santobello</u> . . . that due respect for the integrity

10  of plea bargains demands that once a defendant has carried out his part of the bargain the Government must

11  fulfill its part." <u>United States v. Hallam</u>, 472 F.2d 168, 169 (9th Cir. 1973).

12  Plea agreements are contractual in nature, and are subject to review under contract law standards.

13  <u>United States v. Sandoval-Lopez</u>, 122 F.3d 797, 800 (9th Cir. 1997); <u>United States v. Mondragon</u>, 228 F.3d

14  978, 981 (9th Cir. 2000). "[I]n interpreting plea agreements, the government is to be held to the literal terms

15  of the agreement . . . and ordinarily must bear responsibility for any lack of clarity." <u>United States v.</u>

16  <u>Phillips</u>, 174 F.3d 1074, 1075 (9th Cir. 1999).

17  **i.    There Was An Offer And There Was Acceptance.**

18  Here, the government, through Mr. Mason, offered to dismiss the felony § 1326 charge against Mr.

19  Esparza-Gutierrez and charge him only with a misdemeanor § 1325, in exchange for his acquiescence to the

20  government's desire to dismiss the appeal on one of the three issues presented. Mr. Esparza-Gutierrez,

21  through counsel, orally accepted that offer over the telephone, after extensive discussions with numerous

22  attorneys in the Federal Defender office.

23  Under the Restatement of Contracts (2d), "an offer is the manifestation of a willingness to enter into

24  a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and

25  will conclude it." Restatement of Contracts (2d), § 24. Mr. Mason made an offer in the discussions with

26  defense counsel on June 17, 2008 and June 26, 2008. On June 17, Mr. Mason told defense counsel that the

27  government would not concede breach, but <u>would</u> offer a § 1325 misdemeanor, in lieu of a § 1326, which

28  has a guideline range of 10-16, or a § 1001 false statement, which has a guideline range of 6-10 months.

1   See Exh. A.  From the beginning, Mr. Mason manifested a willingness to enter into a bargain, and on both

2   occasions, it was made in a manner "as to justify [defense counsel] in understanding that his assent to that

3   bargain [was] invited and [would] conclude it."  Restatement of Contracts (2d), § 24.

4   The offer to charge bargain to a misdemeanor was not accepted on the first occasion it was discussed,

5   because defense counsel had some concern as to whether the government would, in fact, be able to move

6   to set aside the plea agreement to a § 1326, or whether defendant could withdraw from that agreement.

7   Following discussions with numerous individuals in the office, defense counsel determined it was

8   worthwhile to enter into the bargain.  See Exh. A.  Defense counsel communicated acceptance orally to Mr.

9   Mason on June 26, 2008, if not earlier on June 23, when Mr. Mason stated that he wanted to go ahead as

10  discussed, and defense counsel agreed.  See Exh. A.  A third point at which acceptance occurred was when

11  Mr. Esparza-Gutierrez acted in reliance on the government's promise and stated its non-opposition to the

12  dismissal of his three-issue appeal.  See Ninth Circuit Docket No. 7, filed June 30, 2008. See Restatement

13  of Contracts (2d), § 50 ("acceptance by performance requires that at least part of what the offer requests be

14  performed or tendered and includes acceptance by a performance which operates as a return promise.")

15  Indeed, filing his motion of non-opposition completed Mr. Esparza-Gutierrez' end of the bargain; the

16  government got what it wanted, and all that remained was for the government to fulfill its part of the bargain.

17      **ii.    There Was Consideration.**

18  The consideration was mutual: the government would not have to write an appeal on the other two

19  issues presented, one of which indicated a "problem . . . in the language of the plea agreement."  Exhibit E,

20  Case Notes, Entry on 06/05/2008.  In exchange, Mr. Esparza-Gutierrez would receive a lesser charge, to

21  which he would plead guilty.

22      **iii.   There Was Detrimental Reliance.**

23  Mr. Esparza, in reliance on that offer, filed a motion of non-opposition to the government's motion

24  to dismiss the appeal and vacate two of the three issues as moot.[1]  He would not have done so absent a

25  _____

26  [1]    Due to the government's breach and repudiation of the agreement to charge bargain Mr. Esparza's case to a misdemeanor § 1325, the other two issues raised in Mr. Esparza's appeal are no longer moot.  He

27  hereby raises those objections/arguments again.  Specifically, that: (1) the government did not have the evidence to prove the +4 and (2) despite the lack of evidence to support such an enhancement they nonetheless

28  recommended a +4 enhancement which was a breach of the plea agreement.  At this point, in light of the government concessions, there can be no doubt that both of these issues are meritorious.  On July 29, 2008,

1  promise that he would receive a charge bargain to a 1325 misdemeanor. This reliance was detrimental

2  because now, absent the government's fulfillment of his promise, the issues that were vacated as moot <u>are</u>

3  <u>no longer moot</u>, and he will be required to appeal again, or move for the Ninth Circuit to reconsider its

4  dismissal on the single ground. However, the original appeal was expedited, and the earliest possible action

5  in this court and in the Ninth Circuit will delay a decision beyond the six months Mr. Esparza-Gutierrez is

6  entitled to receive under the plea agreement, and even beyond the nine months to which he was originally

7  sentenced.[2]

8    **iv.    Breach.**

9      The government has indicated its intention to fully breach the agreement, by not providing the

10  negotiated charge bargain, and is thereby in breach. <u>See</u> Restatement of Contracts (2d) ("A repudiation is

11  . . . a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of

12  itself give the obligee a claim for damages for total breach under 243, or . . . a voluntary affirmative act

13  which renders the obligor unable or apparently unable to perform without such a breach"). The statement

14  by Mr. Mason on July 24, 2008 that offering a charge bargain to a § 1325 misdemeanor was against office

15  policy, and that the government would not provide said misdemeanor, was a statement indicating that the

16  government would be committing a total breach of the agreement, and therefore was a repudiation of the

17  contract.

18    **v.    The Oral Nature of the Contract Does Not Undermine Its Enforceability.**

19      While the oral nature of the agreement is less than ideal, oral plea agreements are enforceable, in this

20  circuit and other circuits. <u>See</u> <u>Brown v. Poole</u>, 337 F.3d 1155, 1160, 1162 (9th Cir. 2003) (government's

21  breach of oral agreement that called for release following 7 and one half years with no infractions in prison

22  required specific performance and immediate release, even though she was not eligible for parole under the

23  law) ("The terms of oral plea agreements are enforceable, as are those of any other contracts, even though

24  oral plea agreements are not encouraged by reviewing courts") (citing as exempli gratis, <u>United States v.</u>

25

26  at the hearing to spread the mandate, AUSA Mason admitted to this Court that it does not have the evidence

27  to warrant the +4 enhancement (the very same enhancement it recommended at the original sentencing hearing). As a result the government recommends a sentence of sixty days.

28    [2] As of Monday, July 28, 2008, Mr. Esparza-Gutierrez has spent six months and eight days in custody; that is eight days more than the maximum allowed under the proposed resolution.

1   Monreal, 301 F.3d 1127, 1133 (9th Cir.2002)); see also United States v. Garcia, 956 F.2d 41 (4th Cir. 1992)

2   (court considers extrinsic evidence of prosecutor's promise that defendant would not be required to cooperate

3   even though such representation not explicitly mentioned in plea agreement); Williams v. Spitzer, 246 F.

4   Supp. 2d 368 (S.D.N.Y. 2003) (due process requires that prosecutors fulfill oral promises; state judge-made

5   law to the contrary violates the Supreme Court precedent in Santobello).[3]

6       **vi.    The Contract Is Enforceable Because Mr. Esparza-Gutierrez Detrimentally Relied on It.**

7       In addition, the Ninth Circuit has held that where a defendant detrimentally relied on a promise by

8   the prosecution, that promise must be fulfilled. United States v. Savage, 978 F.2d 1136 (9th Cir. 1992). In

9   Savage, the court held that "[e]ven if the agreement has not been finalized by the court, '[a] defendant's

10  detrimental reliance on a prosecutorial promise in plea bargaining could make a plea agreement binding.'"

11  Id. at 1138 (citing McKenzie v. Risley, 801 F.2d 1519, 1527 (9th Cir.1986), vacated in part on other

12  grounds, 842 F.2d 1525 (9th Cir. 1986)). Mr. Esparza-Gutierrez detrimentally relied on the promise of the

13  prosecutor by filing a motion of non-opposition to the government's Motion for Summary Reversal and

14  Remand, thereby forgoing two other valid issues on appeal.

15  **C.    The Contract Involved a Promise By The Government To Provide a Charge Bargain To 8
16      U.S.C. § 1325.**

17      **i.    Evidence Supporting the Promise to Provide a Charge Bargain**

18      The oral agreement between Mr. Mason and defense counsel included an agreement by the

19  government to move to set aside Mr. Esparza-Gutierrez' guilty plea, dismiss the felony charge under 8

20  U.S.C. § 1326, and provide a charge bargain to a misdemeanor violation of 8 U.S.C. § 1325. See Exhibits

21  _____

22      [3] The district court in Williams cited the language from Santobello and argued persuasively that the
    language allows for no confusion:

23      a criminal defendant's constitutional due process right articulated in Santobello renders impermissible
        the New York judge-made rule that prosecutors' promises must be placed on the record to be
24      enforceable. Of course, New York's off-the-record rule was not before the Court in Santobello; the
        state courts developed the rule after Santobello was decided, possibly motivated by a desire to avoid
25      that case's effect. But the Court's language in Santobello is crystal clear and broadly stated: "[W]hen
        a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said
26      to be a part of the inducement or consideration, such promise must be fulfilled." Must be fulfilled! The
        Court did not add "unless the promise was oral," or "unless the prosecutor had his fingers crossed
27      behind his back."

28  Williams v. Spitzer, 246 F.Supp.2d at 382 -383 (citing Santobello) (emphasis in original).

1   A, B, E, and F.

2       As an initial matter, although Mr. Mason has stated that he does not recall entering into an oral

3   contract, there is ample evidence that such a contract existed, including Mr. Mason's statement to defense

4   counsel by letter that "all will be exactly as you ask in your letter." Exh. D.

5       Furthermore, ample additional evidence indicates that these were the terms of the agreement. This

6   evidence includes the case notes of defense counsel, Exh. B, the declaration of defense counsel, Exh. A, and

7   the declarations of numerous attorneys who discussed the agreement with defense counsel, Exhs. B, C, and

8   D. This is all evidence not only of the existence of an agreement, but also of the terms of that agreement:

9   the government would move to set aside the plea, dismiss the § 1326 charge, and provide a charge bargain

10  § 1325 misdemeanor to Mr. Esparza-Gutierrez. Defense counsel clearly remembers this being a key term

11  of the discussions between himself and Mr. Mason. See Exh. A. Trial Attorney and supervisor on this case,

12  Norma Aguilar, remembers advising defense counsel that he should take a deal wherein the felony count was

13  dismissed and Mr. Esparza-Gutierrez received a § 1325 misdemeanor. See Exh. C. Trial team leader Steven

14  L. Barth advised Mr. Peterson not to take a deal unless there was a charge bargain that placed a statutory cap

15  on the sentence. See Exh. B. Assistant Appellate Supervisor Vincent J. Brunkow was also informed of the

16  deal, and in fact assisted defense counsel and Mr. Mason by explaining the procedural means they would

17  undertake to effectuate it. See Exh. D.

18      Logic provides additional evidence of the terms of the agreement. It is illogical that absent the

19  charge-bargain aspect of the agreement, Mr. Esparza-Gutierrez would enter into an agreement to acquiesce

20  to a dismissal of his appeal and allow the government to move to set aside the plea agreement. It would have

21  no benefit to him, despite giving a clear benefit to the government. Defense counsel would not waive his

22  client's rights absent some benefit to his client. Without an agreement as to what would happen after the

23  government moved to set aside the guilty plea, Mr. Esparza-Gutierrez would be in a worse position than he

24  was before sentencing. First, he would no longer have a government agreement to recommend sixty days

25  custody. Second, he would no longer have an agreement that the government recommend sentencing at a

26  Total Offense Level of 6. Third, he would have essentially waived two meritorious appellate issues. An

27  agreement to waive his appellate rights, with no agreement as to what he would receive in return, would

28  make no sense to him, nor to his counsel. See Exh. A ("I would not have agreed to join the government's

                                    11                              08CR0416-LAB

1  concession on one of my client's three issues on appeal absent a firm belief that Mr. Mason and I had an

2  agreement that he would provide a charge bargain of a § 1325 misdemeanor").

3      The standards of professional responsibility, which defense counsel is sworn to uphold, provide

4  further evidence of the terms of the agreement.  To allow Mr. Esparza-Gutierrez to give up two issues on

5  appeal in exchange for putting himself in a worse position would violate the California Rules of Professional

6  Conduct,[4] the ABA Standards of Professional Responsibility,[5] and the ABA Standards for Criminal Justice.[6]

7      **ii.    The Government Bears Responsibility For Any Lack Of Clarity.**

8      Finally, with regard to the terms of the agreement, "in interpreting plea agreements, the government

9  is to be held to the literal terms of the agreement . . . and ordinarily must bear responsibility for any lack of

10  clarity." United States v. Phillips, 174 F.3d 1074, 1075 (9th Cir. 1999) (emphasis added); see also United

11  States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992) (same); United States v. Giorgi, 840 F.2d 1022, (1st

12  Cir. 1988) ("This court has interpreted Santobello to place a heavy burden upon the government: the most

13  meticulous standards of both promise and performance must be met by prosecutors engaging in plea

14  bargaining) (emphasis added) (internal citations omitted).  To the extent that a clear memory by defense

15  counsel, and a lack of memory by government counsel combine to create a lack of clarity with regard to the

16  terms of the agreement, the government must bear responsibility for that lack of clarity.

17      The Ninth Circuit "steadfastly" applies the rule that "any lack of clarity" in a plea agreement should

18  be construed against the government as drafter of the contract.  United States v. Cope, 506 F.3d 908, 914

19  (9th Cir. 2007).  Indeed, "[t]he integrity of our judicial system requires that the government strictly comply

20  with its obligations under a plea agreement." United States v. Allen, 434 F.3d 1166, 1174 (9th Cir. 2006).

21  **D.    The Government Has Repudiated The Contract, Thereby Breaching It.**

22      In Santobello, 404 U.S. at 262, the Supreme Court held that a prosecutor who induces a defendant

23

24      ───────────────

        [4] Specifically, Rule 3-110 (" Failing to Act Competently") states that: "A member shall not
25  intentionally, recklessly, or repeatedly fail to perform legal services with competence."

26      [5] Rule 1.1 ("Competence") states that: "A lawyer shall provide competent representation to a client."

27      [6] Criminal Justice Standard 4-8.2 Appeal states that "[d]efense counsel should take whatever steps are
    necessary to protect the defendant's rights of appeal."

28

1  to plead guilty based on certain promises has a duty to keep those promises. The government indicated it

2  will not keep its promise, despite Mr. Esparza-Gutierrez' performance of his obligations under the contract,

3  and it is thereby in breach, unless and until it fulfills its end of the bargain.

4  **E.    The Remedy Is Specific Performance In Front Of A Different Judge.**

5      In general, the remedy for breach of a contract in this circuit is specific performance in front of a

6  different judge. Where the government breaches a plea agreement, the Ninth Circuit requires that the case

7  be remanded to a different sentencing judge. United States v. Camarillo-Tello, 236 F.3d 1024, 1028 (9th

8  Cir. 2001) ("as we are required to do, we remand the case to a different sentencing judge"); United States

9  v. Mondragon, 228 F.3d 978, 981 (9th Cir. 2001) (same, stating additionally that "[w]e emphasize that this

10  is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on

11  the sentencing judge"); see also Johnson, 187 F.3d at 1135 ("[b]ecause of the government's breach, we are

12  required to remand for resentencing before a different judge") (citing Santobello v. New York, 404 U.S. 257,

13  263 (1971); United States v. Camper, 66 F.3d 229, 233 (9th Cir. 1995)).

14                                         **II.**

15  **THE GOVERNMENT'S BREACH IS FLAGRANT PROSECUTORIAL MISCONDUCT**

16  **A.    The Misconduct.**

17      In short, the government made a promise to Mr. Esparza, upon which he relied by giving up certain

18  appellate rights. The government then repudiated that promise, in violation of Mr. Esparza-Gutierrez'

19  Constitutional right to Due Process. Mr. Esparza-Gutierrez has been prejudiced by the government's

20  misconduct, and nothing short of dismissal of the indictment under the court's supervisory powers would

21  provide Mr. Esparza-Gutierrez with a remedy to the prejudice he suffered.

22      **i.    Breach of a Plea Agreement Violates a Defendant's Constitutional Right To Due**
23             **Process.**

24      In Santobello v. New York, the Supreme Court held that a prosecutor's breach of a promise in a plea

25  agreement violates a defendant's constitutional right to Due Process. "Under Santobello v. New York, a

26  criminal defendant has a due process right to enforce the terms of his plea agreement." Buckley v. Terhune,

27  441 F.3d 688 (9th Cir. 2006); see also Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir.2003) ("[The

28  defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of the

1  plea agreement"). Prosecutorial unwillingness to abide by agreed-to terms, upon which Mr. Esparza-

2  Gutierrez relied to his detriment, is flagrant prosecutorial misconduct, and demands dismissal of the

3  indictment.

4  //

5  //

6      **ii.**    **The Prosecutor Abused What The Supreme Court Has Called "An Essential Component of the Administration of Justice."**

7

8         In <u>Santobello</u>, Chief Justice Burger wrote that "[plea bargaining] is an essential component of the

9  administration of justice. . ." <u>Santobello</u>, 404 U.S. at 260-261. Further:

10      This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the

11      circumstances. Those circumstances will vary, but <u>a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

12      inducement or consideration, such promise must be fulfilled.</u>

13  <u>Id.</u> at 262 (emphasis added). The prosecutor, in making charging decisions, and making promises by

14  exercising those charging decisions wields an extreme amount of power. The Supreme Court, for over 30

15  years, has stated that with that power comes responsibility. The prosecutor's duty to live up to his promises,

16  when a defendant relies on them, is a <u>constant</u>. <u>Id.</u> The prosecutor has stated that he will not fulfill his

17  bargained-for part of the deal, in spite of the fact that he received his end of the bargain.

18      **iii.**    **The Prosecutor Violated the ABA Criminal Justice Standards.[2]**

19         Under Criminal Justice Standard 3-4.2(c), a "prosecutor should not fail to comply with a plea

20  agreement, unless a defendant fails to comply with a plea agreement or other extenuating circumstances are

21  present." There has been no breach by the defendant, and therefore the prosecutor has violated this section.

22         Further, Mr. Mason informed defense counsel <u>for the first time</u> on July 24, 2008, that the agreed-to

23  charge bargain was against the policy of the United States Attorney's Office. Despite numerous discussions

24  over one month prior about this proposed settlement, Mr. Mason never once mentioned an office policy

25  against the negotiated settlement. Instead, he agreed to dismiss the § 1326 felony count and provide a charge

26  bargain to a § 1325 misdemeanor. To the extent that what he promised was beyond his power, the

27  

28      [2] This list of violations takes the prosecutor at his word that he does not recall entering into the agreement which the evidence demonstrates was, in fact, entered into.

1    prosecutor violated Criminal Justice Standard 3-4.2, which states that "a prosecutor should not imply a

2    greater power to influence the disposition of a case than is actually possessed." Never once did Mr. Mason

3    indicate that he lacked approval to carry out the proposed and then agreed-to settlement. Nor did he indicate

4    until <u>one month after Mr. Esparza-Gutierrez acted in reliance on his promise</u> that there was an "office policy"

5    against the very settlement that he had agreed to.

6    **B.    The Prosecutors Actions Prejudiced and Continue To Prejudice Mr. Esparza-Gutierrez.**

7         Mr. Esparza-Gutierrez has been prejudiced by the actions of the prosecutor. One month ago, Mr.

8    Esparza-Gutierrez agreed to waiving his right to appeal on two issues, in exchange for the government's

9    concessions. That time cannot be regained. Mr. Esparza-Gutierrez has now served six months and seven

10   days in custody, on a sentence the government has acknowledged was not lawful. Further, Mr. Esparza-

11   Gutierrez has lost the critical time in his expedited to present the other two issues raised on appeal to the

12   Ninth Circuit. Finally, although Mr. Esparza-Gutierrez in no way concedes this, he may have lost the right

13   to appeal the other two issues, as the government's motion stated that the two issues would be "vacated as

14   moot." <u>See</u> Ninth Circuit Docket No. 7. Regardless of whether the right remains, Mr. Esparza-Gutierrez

15   has already lost one month of his time, and is bound to lose more time on appeal because of the time inherent

16   in appealing an increasingly complicated case. Had the briefing proceeded in due (expedited) course, oral

17   argument would have been on the September calendar, <u>see</u> Ninth Circuit Docket No. 4, and the Ninth Circuit

18   may have issued an opinion within a day or several days from argument. There is no virtually no way the

19   issues can be heard on the September calendar.

20   **C.    The Only Adequate Remedy Is Setting Aside the Guilty Plea and Dismissing The Indictment.**

21        Under <u>United States v. Chapman</u>, 524 F.3d 1073, 1085 (9th Cir. 2008), dismissal of an indictment

22   is permitted "in cases of flagrant prosecutorial misconduct." Dismissal is appropriate where the defendant

23   suffers "substantial prejudice," <u>United States v. Jacobs</u>, 855 F.2d 652, 655 (9th Cir.1988), and where "no

24   lesser remedial action is available," <u>United States v. Barrera-Moreno</u>, 951 F.2d 1089, 1092 (9th Cir. 1981).

25   As discussed above, several months of a sentence that is likely to be in the range of months, rather than

26   years, have been permanently lost. Further, the opportunity to proceed on appeal on the original issues may

27   have been permanently lost; at the very least they have been delayed for several months. This prejudice is

28   particularly substantial given the government's promise to provide Mr. Esparza-Gutierrez with a charge

1   under which the <u>maximum</u> he could receive would be six months, which would already have been served.

2   Therefore, under the breached plea agreement, Mr. Esparza-Gutierrez' sentence would be a fait accompli.

3   Because the misconduct substantially prejudiced Mr. Esparza-Gutierrez, and because no remedy short of

4   dismissal of the indictment would remedy the prejudice, dismissal is appropriate in this case of flagrant

5   prosecutorial misconduct.

6                                              **IV.**

7                                 **<u>CONCLUSION</u>**

8       For the reasons stated above, Mr. Esparza-Gutierrez moves this Court to grant his motions.

9                                  Respectfully submitted,

10

11   Dated:  July 29, 2008

12                                   DAVID M.C. PETERSON
                                        Federal Defenders of San Diego, Inc.

13                                   Attorneys for Mr. Esparza-Gutierrez
                                          David_Peterson@fd.org

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         08CR0416-LAB

### CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney

Copy to Defendant

Dated: July 29, 2008

Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
David_Peterson@fd.org (email)

08CR0416-LAB

# EXHIBIT A

1  **DAVID M.C. PETERSON**
   California Bar No. 254498
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
3  225 Broadway, Suite 900
   San Diego, California  92101-5008
4  Telephone:  (619) 234-8467
   David_Peterson@fd.org
5
6  Attorneys for Mr. Esparza-Gutierrez
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10                 **(HONORABLE LARRY A. BURNS)**
11

| | | |
|---|---|---|
| 12  UNITED STATES OF AMERICA, | ) | Criminal No. 08CR0416-LAB |
| 13            Plaintiff, | ) ) | Date:   July 28, 2008 |
| 14  v. | ) ) | Time:  3:00 p.m. |
| 15  FRANCISCO ESPARZA-GUTIERREZ, | ) ) | DECLARATION OF DAVID M.C. PETERSON, ESQ. |
| 16 | ) ) | |
| 17 | ) | |
| 18            Defendant. | ) ) | |
| 19 | ) | |

20       I, David M.C. Peterson, Esq., hereby declare and state that:

21  1.       I represent Francisco Esparza-Gutierrez in the above-captioned federal criminal case.

22  2.       On June 2, 2008, I mailed an appeal in the above-captioned case to the Ninth Circuit Court of
23
24  Appeal.

25  3.       The appeal raised three issues.  The first was whether the government had breached the plea
26  agreement by recommending a higher total offense level than that called for in the plea agreement; the
27  second was whether there was sufficient evidence of a prior conviction qualifying for a four-level
28  enhancement under 2L1.2; and the third was whether a sentence of probation including a condition of

probation being nine months in custody was a lawful sentence.

4.      After filing the appeal, on or about June 4, I received a call from Assistant United States Attorney Caleb Mason. He stated, in summary, that the he was interested in negotiating "some concession" rather than responding to the appeal, but he didn't believe that they would concede on the breach issue and go in front of a different judge.

5.      Because I believed negotiation might be beneficial for my client, I entered negotiations with Mr. Mason.

6.      Mr. Mason and I had several discussions.

7.      In summary, Mr. Mason's position was that the remedy I was requesting in the appeal—specific performance—would necessitate that the government exercise its option under paragraph 8 of the plea agreement and withdraw from or move to set aside the plea agreement, because he believed he could not ethically make a recommendation based upon the guideline range called for in the plea agreement.

8.      Mr. Mason's initial proposal was extended on or about June 17, 2008. The proposal was that, following remand, we "start from square one," negotiate a new agreement for a charge bargain to 18 U.S.C. § 1001, False Statement to a Federal Officer. Under such an agreement, the low end of the guideline range would be six months custody, Mr. Esparza-Gutierrez would save three months, get out from under the five years of probation, and receive one or two years of supervised release instead.

9.      Mr. Mason made the above proposal by way of a telephone message, and stated that he wanted to know what I thought of that proposal.

10.     I spoke with several attorneys in my office, including my trial team leader Steven Barth. He agreed that the deal offered by Mr. Mason was of little or no benefit to the client and should be rejected. However, in our discussion we decided that a misdemeanor under 18 U.S.C. § 1325 would be of benefit to the client, since the statutory maximum was six months under a § 1325.

11.     I also spoke with Norma Aguilar about the possibility that the government would concede error on the sentencing issue. She recommended that I not pursue a government concession, because it would not result in a lower sentence for the client, and the breach issue was strong. Ms. Aguilar agreed that a charge bargain to a § 1325 misdemeanor was the only way to obtain a benefit under the government proposal of remand and resentencing. She recommended that I pursue the misdemeanor.

12.     On or about June 18, 2008, Mr. Mason again informed me that he had word from his advisors that the government would not concede on the first issue, of breach, and allow sentencing in front of a different judge. Thus any concession by the government on appeal would not involve remand to a different judge.

13.     I spoke with Mr. Mason later on that day. I explained to him that I did not think that his proposal was a very good deal for my client, because it would be highly likely that Judge Burns would give him the same amount of time under a § 1001 charge bargain as under a § 1326, and in the absence of a statutory cap better than the 9-month sentence, Mr. Esparza-Gutierrez had little incentive to take a § 1001, rather than go to trial and preserve all of his trial rights.

14.     On or about June 18, 2008, we spoke again, and Mr. Mason stated that, although the government would not concede breach, they would offer a charge bargain plea to a violation of 8 U.S.C. § 1325, a misdemeanor, in lieu of either a 10-16 guideline range under a § 1326 plea or a 6-10 guideline range under a § 1001 plea. The statutory maximum on a § 1325 misdemeanor is six months.

15.     I saw some difficulty with the proposed resolution because, pursuant to Fed.R.Crim.P. 11, once sentence has been imposed, it is difficult to set aside or withdraw a guilty plea after sentence has been imposed.

16.     I spoke with Mr. Mason about this. We discussed Rule 11, and neither of us saw a way to resolve this. I agreed to talk to someone in the appellate department in my office.

17.     I discussed the difficulty with setting aside or withdrawing a guilty plea with Assistant Appellate

Attorney Vince Brunkow, and he explained to me that if the government conceded error on appeal, and asked the Ninth Circuit to vacate and remand for resentencing, once that occurred, under Rule 11, the government could move to set aside the plea or we could move to withdraw from the plea for a "fair and just reason."

18.    I informed Mr. Mason of this option, and we agreed that this was the path we would follow.    I recognized that there were risks, because Rule 11 requires a "fair and just reason" to set aside or withdraw from a guilty plea after it has been accepted by the District Judge.

19.    During the above-mentioned conversations, I repeatedly referred to the government's side of the bargain, namely, Mr. Mason's statement that the government would provide Mr. Esparza-Gutierrez with a charge bargain deal to a § 1325 misdemeanor.

20.    Specifically, in my notes, I make reference on June 18, 2008 that, per my conversation with Caleb Mason, the government "won't concede breach, therefore no remand to different judge.  But will offer 1325 misdo, in lieu of 10-16 or 6-10[.]"

21.    On June 26, 2008, I also note that in a conversation with Mr. Mason that his "second offer" is that "they submit mtn for summary reversal and remand for resentencing.  then they will move to set aside gp, we will move to w/draw, then will get 1325 misdo and stat cap burns at 6 mos[.]"

22.    Based upon all of our conversations, it was my full understanding that the government would move to set aside the guilty plea, and would provide a § 1325 misdemeanor.

23.    In reliance on these conversations and promises from Mr. Mason, I agreed that I would not oppose a government motion for summary reversal and remand for resentencing.  My agreement was contingent upon Mr. Mason's offer to dismiss the § 1326 felony and charge bargain to a § 1325.

24.    In doing this I made the decision, in reliance on the promises by Mr. Mason to provide a negotiated plea agreement for a § 1325 misdemeanor, to forego the other two issues on appeal, and not oppose a

1   government motion for reversal and remand for resentencing.

2   25.    Initially, Mr. Mason wanted me to draw up a voluntary dismissal of the appeal.

3   26.    On June 26, 2008, I informed Mr. Mason via letter that I believed that per our agreement, the
4
5   government should concede error and the court could then remand for resentencing.  Per my letter, I stated

6   that "Once the case is returned to Judge Burns for resentencing, the government will move to set aside the

7   plea agreement.  If my understanding is in error, please let me know."

8   27.    Mr. Mason responded the same day via email, stating that "if the motion I sent over works for you,
9
10  and you want to type up a quick response, we can send them in together, and all will be exactly as you ask

11  in your letter [. . .]."

12  28.    I would not have agreed to join the government's concession on one of my client's three issues on

13  appeal absent a firm belief that Mr. Mason and I had an agreement that he would provide a charge bargain

14  of a 1325 misdemeanor.

15  29.    On July 24, 2008, the day the mandate spread, I called Mr. Mason, to say that I wanted the mandate
16
17  spread as soon as possible.  I also asked him if he would move to set aside the plea at that hearing.  Finally,

18  I requested that he send over a plea agreement for a 1325 misdemeanor.

19  30.    Mr. Mason told me that he did not recall an agreement for the government to provide a charge

20  bargain 1325 misdemeanor.

21  31.    In a subsequent telephone conversation on July 24, Mr. Mason indicated that the government would
22
23  be providing no charge bargain to a 1325 misdemeanor.  Specifically, he stated that it was against the policy

24  of the United States Attorney's Office to offer a 1325 misdemeanor following conviction for a 1326 felony.

    I so declare this 28th day of July, 2008, in San Diego, California.

25

26

27                                                        _____
                                                          DAVID M.C. PETERSON, Declarant
28

# EXHIBIT B

**DAVID M.C. PETERSON**
California Bar No. 254498
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
David_Peterson@fd.org

Attorneys for Mr. Esparza-Gutierrez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08CR0416-LAB |
| | ) | |
| Plaintiff, | ) | Date:   July 28, 2008 |
| | ) | Time:  3:00 p.m. |
| v. | ) | |
| | ) | |
| FRANCISCO ESPARZA-GUTIERREZ, | ) | DECLARATION OF STEVEN L. BARTH, ESQ. |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

I, Steven L. Barth, Esq., hereby declare and state that:

1.    I am a supervising attorney at Federal Defenders of San Diego, Inc.

2.    I am David M.C. Peterson's Trial Team Leader.

3.    As his trial team leader, I discuss his cases with him.

4.    I also provide advice, guidance and counsel to him with regard to the cases on which I supervise him.

5.    I discussed the case of United States v. Francisco Esparza-Gutierrez with Mr. Peterson.

6.    I recall him telling me that, on appeal, the government was willing to concede error on the issue of the sentence in the above-mentioned case.

7.      There were three issues on the appeal, however, when Mr. Peterson communicated the negotiation with me, the government was only willing to concede error on the issue of the custodial term imposed as a condition of probation.

8.      I understood the sentencing issue to be an issue Mr. Esparza-Gutierrez would win on appeal.

9.      I also understood that Mr. Esparza-Gutierrez had appealed the government's breach of the plea agreement.

10.     I also understood the breach issue to be a strong issue.

11.     I advised Mr. Peterson that simply agreeing to dismiss the appeal on the sentencing issue alone would not help his client.

12.     I advised Mr. Peterson that based on my experience and the experience of the office that the district court would simply reimpose the nine months custody, with supervised release to follow.

13.     This was based upon my experience practicing in this district.

14.     I have practiced in the Southern District at Federal Defenders of San Diego since March, 2002.

15.     I advised Mr. Peterson not to take the government's offer that they would concede error on the sentencing issue unless he had an agreement from the government to provide Mr. Esparza-Gutierrez with a charge bargain that placed a statutory cap on his sentence.

I so declare this 28th day of July, 2008, in San Diego, California.

STEVEN L. BARTH, ESQ., Declarant

# EXHIBIT C

**DAVID M.C. PETERSON**
California Bar No. 254498
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
David_Peterson@fd.org

Attorneys for Mr. Esparza-Gutierrez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08CR0416-LAB |
| | ) | |
| Plaintiff, | ) | Date:   July 28, 2008 |
| | ) | Time:   3:00 p.m. |
| v. | ) | |
| | ) | |
| FRANCISCO ESPARZA-GUTIERREZ, | ) | DECLARATION OF NORMA A. AGUILAR, |
| | ) | ESQ. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

I, Norma A. Aguilar, Esq., hereby declare and state that:

1.      I am a Trial Attorney at Federal Defenders of San Diego, Inc.

2.      I was David M.C. Peterson's direct supervisor in the case of Francisco Esparza-Gutierrez.

3.      We discussed the case multiple times.

4.      After Mr. Esparza-Gutierrez' appeal had been filed, Mr. Peterson and I discussed the possibility

that the government would concede error as to the sentencing issue, but not on the breach issue.

5.      I recommended that he not pursue that course because, as a practical matter, I did not believe it

would result in a lower sentence for the client.

6.    Further, I believed the breach issue was a strong one.

7.    As we discussed other possibilities, I agreed that the only option that would make sense was a charge bargain to a § 1325 misdemeanor, because it would result in a six-month statutory maximum.

8.    We determined that a § 1325 misdemeanor charge bargain would be the only deal making the government's offer to concede error on the sentencing issue but not the breach issue worth accepting.

I so declare this 28 day of July, 2008, in San Diego, California.

_____

NORMA A. AGUILAR, ESQ., Declarant

2

# EXHIBIT D

**DAVID M.C. PETERSON**
California Bar No. 254498
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
David_Peterson@fd.org

Attorneys for Mr. Esparza-Gutierrez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08CR0416-LAB |
| Plaintiff, | ) ) | Date:   July 28, 2008 |
| v. | ) ) | Time:  3:00 p.m. |
| FRANCISCO ESPARZA-GUTIERREZ, | ) ) | DECLARATION OF VINCE J. BRUNKOW |
| Defendant. | ) ) ) ) | |

I, Vincent J. Brunkow, Esq., hereby declare and state that:

1.     I am the Assistant Appellate Supervisor at Federal Defenders of San Diego, Inc.

2.     I recall that David Peterson came to me for advice on the case of <u>United States v. Francisco Esparza-Gutierrez</u>.

3.     There were multiple issue on appeal, including a breach of plea agreement issue.

4.     Based upon my experience at Federal Defenders, it was clear to me that winning on the breach issue was more beneficial to the client, because it would involve sentencing in front of a different judge.

5.     Mr. Peterson told me that the government would concede error on the sentencing issue.

6.     Mr. Peterson further told me that the government would agree to Mr. Esparza-Gutierrez pleading to a § 1325 misdemeanor, and that the § 1326 felony would be dismissed.

7.     Based upon his indication of the above, we spent some time trying to figure out procedurally how to make that happen.

8.     I offered the advice that any remand that involved vacating the sentence would allow the parties to effectuate the agreement he had described to me.

9.     I further informed him that the district court would have to accept a plea to a § 1325, and could not resist dismissing the § 1326.

10.     I recall that at a later date, Mr. Peterson approached me in the hallway saying that the government was telling us that we needed to do a voluntary dismissal.

11.     I told Mr. Peterson that, no, the government needed to either concede error or agree to a remand to effectuate an agreement.

12.     I also told Mr. Peterson to have the Assistant United States Attorney on the case check with Assitant United States Attorney Larry Spong, because he would likely have in his file a remand to effectuate an agreement.

13.     I would not have encouraged Mr. Peterson to take the proposed route if it was not for the agreement to charge bargain to a § 1325 misdemeanor, because under any other scenario, it was highly likely that Judge Burns would give the same sentence to Mr. Esparza-Gutierrez.

I so declare this 28th day of July, 2008, in San Diego, California.

_____
VINCENT J. BRUNKOW, ESQ., Declarant

2

# EXHIBIT E

FILTER: Task date >= 06/04/2008 and  Task date <= 06/04/2008 and  Case number = 'CASSD200802530'. Records Selected: Time 1

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|

**Staff:  PETERSON, DAVID M.  (CASSD00488)**

Date:   06/04/2008  ( Wednesday )

| CASSD200802530 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- caleb mason interested in negotiating some concession rather than appeal, but doesn't think they will cave and go in front of idfferent judge. | DMP/CASSD0048 | 0.3 |

| | Total records for 06/04/2008  ( Wednesday ): | 1 | Hours for day: | 0.3 |

| Total records for PETERSON, DAVID M.: | 1 | Total hours: | 0.3 |

| Total records in report: | 1 | Total hours in report: | 0.3 |

FILTER: Task date >= 06/05/2008 and  Task date <= 06/05/2008 and  Case number = 'CASSD200802530'. Records Selected: Time 1

| FDNO | Code | Client | | Entered By | Hours |
|------|------|--------|---|-----------|-------|

**Staff:  PETERSON, DAVID M.  (CASSD00488)**

**Date:  06/05/2008  ( Thursday )**

| CASSD200802530 | MINI | ESPARZA-GUTIERREZ, FRANCISCO -- tc w/caleb mason.  big bosses agree that prob is in lang of p/a. nobody enthused about appeal. | | DMP/CASSD0048 | 0.4 |
|---|---|---|---|---|---|
| **Total records for 06/05/2008  ( Thursday ):** | | | **1** | **Hours for day:** | **0.4** |
| **Total records for PETERSON, DAVID M.:** | | | **1** | **Total hours:** | **0.4** |
| **Total records in report:** | | | **1** | **Total hours in report:** | **0.4** |



SAN DIEGO, SOUTHERN DISTRICT OF CALIFORNIA - Case Management System 5.1

File  Edit  Data  Reports  Admin  Window  Help  Add_Ins

User: DMP

**Case File Information**

Case [CASSD200802530]  [ESPARZA-GUTIERREZ, FRANCISCO]

Open | Client | Close | Workload | Appeal | Charges | Costs | Events | Notes | Time | Time Archive | Court | NonCourt

1 Time List   /   2 Time Detail

Print

| Date | Staff ID | staff name | Code | Time | Notes | Fld | upd date | upd time | a | upd by | case number | rid |
|------|----------|------------|------|------|-------|-----|----------|----------|---|--------|-------------|-----|
| 04/14/2008 | CASSD00440 | FIFE, JAMES | UAPP | 0.2 | none | | 04/14/2008 | 09:17:58 | A | CASSD00440 | CASSD200802530 | CASSD00001 |
| 05/22/2008 | CASSD00488 | PETERSON, DAVID M. | RAPP | 2.5 | CLICK | | 05/22/2008 | 20:04:44 | A | CASSD00488 | CASSD200802530 | CASSD00002 |
| 05/25/2008 | CASSD00488 | PETERSON, DAVID M. | WAPP | 5.0 | CLICK | | 05/26/2008 | 19:42:59 | A | CASSD00488 | CASSD200802530 | CASSD00003 |
| 05/26/2008 | CASSD00488 | PETERSON, DAVID M. | WAPP | 3.0 | CLICK | | 05/26/2008 | 19:42:59 | A | CASSD00488 | CASSD200802530 | CASSD00004 |
| 05/30/2008 | CASSD00488 | PETERSON, DAVID M. | WAPP | 0.4 | CLICK | | 05/30/2008 | 19:43:00 | A | CASSD00488 | CASSD200802530 | CASSD00005 |
| 06/01/2008 | CASSD00488 | PETERSON, DAVID M. | WAPP | 5.0 | CLICK | | 06/02/2008 | 19:43:00 | A | CASSD00488 | CASSD200802530 | CASSD00006 |
| 06/04/2008 | CASSD00488 | PETERSON, DAVID M. | WAPP | 0.3 | CLICK | | 06/04/2008 | 19:43:00 | A | CASSD00488 | CASSD200802530 | CASSD00007 |
| 06/05/2008 | CASSD00488 | PETERSON, DAVID M. | MINI | 0.4 | CLICK | | 06/05/2008 | 19:43:00 | A | CASSD00488 | CASSD200802530 | CASSD00008 |
| 05/13/2008 | CASSD00471 | AGUILAR, NORMA A. | MAPP | 1.0 | CLICK | | 06/08/2008 | 20:00:15 | A | CASSD00471 | CASSD200802530 | CASSD00009 |
| 07/24/2008 | CASSD00488 | PETERSON, DAVID M. | RAPP | 1.0 | CLICK | | 07/24/2008 | 13:50:09 | A | CASSD00488 | CASSD200802530 | CASSD00010 |

Office of the Federal Defender

Case 3:04-cr-00418-LAB   Document 21   Filed 07/28/2008

FILTER: Task date >= 06/17/2008 and  Task date <= 06/17/2008 and  Case number =
'CASSD200803573'. Records Selected: Time 1

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|

**Staff:  PETERSON, DAVID M.  (CASSD00488)**

**Date:  06/17/2008  ( Tuesday )**

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|
| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- specific performance wld req gov't to w/draw from agreement, can't ethically make rec based upon gl range.  assuming concede error on prob sent and breach, back for resent, w/draw, start from sq 1, negot new agreement, six mos wld be range, six mos custody.  see if wld be interested as potential resolution, so guy gets out of 5 yrs probation.  gets 3 mos off, out from under 5 yrs prob.  1 or 2 yrs SR instead.  wants to know. | DMP/CASSD0048 | 0.2 |

| | | | | |
|--|--|--|--|--|
| **Total records for 06/17/2008  ( Tuesday ):** | | 1 | **Hours for day:** | 0.2 |

| | | | | |
|--|--|--|--|--|
| **Total records for PETERSON, DAVID M.:** | | 1 | **Total hours:** | 0.2 |

| | | | | |
|--|--|--|--|--|
| **Total records in report:** | | 1 | **Total hours in report:** | 0.2 |

Case 3:08-cr-00410-LAB Document 21 Filed 07/28/2008 SOUTHERN DISTRICT OF CALIFORNIA (SAN DIEGO)

**FILTER: Task date >= 06/18/2008 and  Task date <= 06/18/2008 and  Case number = 'CASSD200803573'. Records Selected: Time 2**

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|

**Staff:  PETERSON, DAVID M.  (CASSD00488)**

**Date:  06/18/2008 ( Wednesday )**

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|
| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- tc from/to/from caleb mason.  won't concede breach, therefore no remand to different judge.  but will offer 1325 misdo, in lieu of 10-16 or 6-10.  prob: can't get out of accepted plea agreeemnt.  don't tell mason that cl wasn't advised of stat max.  need to talk to vjb before i concede that. | DMP/CASSD0048 | 0.5 |
| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- convos w/JCT, mason: p8--in event contr add offense, or gov't may w/draw or move to set aside gp or both. | DMP/CASSD0048 | 1.0 |

| | | Total records for 06/18/2008 ( Wednesday ): | 2 | Hours for day: | 1.5 |
|--|--|--|--|--|--|

| **Total records for PETERSON, DAVID M.:** | **2** | **Total hours:** | **1.5** |
|--|--|--|--|

| **Total records in report:** | **2** | **Total hours in report:** | **1.5** |
|--|--|--|--|

FILTER: Task date >= 06/23/2008 and  Task date <= 06/23/2008 and  Case number =
'CASSD200803573'. Records Selected: Time 1

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|
| **Staff:  PETERSON, DAVID M.  (CASSD00488)** | | | | |
| **Date:  06/23/2008  ( Monday )** | | | | |
| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- wants me to draw up voluntary dismissal of appeal.  wants to go ahead as discussed.  need exact wording. | DMP/CASSD0048 | 0.2 |

| | | | | |
|---|---|---|---|---|
| **Total records for 06/23/2008  ( Monday ):** | | **1** | **Hours for day:** | **0.2** |
| **Total records for PETERSON, DAVID M.:** | | **1** | **Total hours:** | **0.2** |
| **Total records in report:** | **1** | **Total hours in report:** | | **0.2** |

FILTER: Task date >= 06/26/2008 and  Task date <= 06/26/2008 and  Case number = 'CASSD200803573'. Records Selected: Time 2

| FDNO | Code | Client | Entered By | Hours |
|------|------|--------|-----------|-------|

**Staff:  PETERSON, DAVID M.  (CASSD00488)**

**Date:  06/26/2008 ( Thursday )**

| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- tc from mason, review his st offer--we dismiss case,  second offer: they submit mtn for summary reversal and remand for resentencing.  then they will move to set aside gp, we will move to w/draw, then will get 1325 misdo and stat cap burns at 6 mos | DMP/CASSD0048 | 1.0 |
| | | write letter explaining this to mason (for paper trail). | | |
| | | mason shld file mtn this week. | | |
| CASSD200803573 | MAPP | ESPARZA-GUTIERREZ, FRANCISCO -- multiple convos w/VJB, JCT, YXF re how to work out deal described above. | DMP/CASSD0048 | 1.5 |

| | | **Total records for 06/26/2008 ( Thursday ):** | **2** | **Hours for day:** | **2.5** |
|---|---|---|---|---|---|

| **Total records for PETERSON, DAVID M.:** | | **2** | **Total hours:** | **2.5** |
|---|---|---|---|---|

| **Total records in report:** | | **2** | **Total hours in report:** | **2.5** |
|---|---|---|---|---|

Case File Information - SAN DIEGO, SOUTHERN DISTRICT OF CALIFORNIA - Case Management System 5.1

File  Edit  Data  Reports  Admin  Window  Help  Add_Ins

User: TLM

Case: CASSD20080803573

ESPARZA-GUTIERREZ, FRANCISCO

**1 Time List**

| Date | Staff ID | staff name | Code | Time | Notes | Fix | upd date | upd time | e | upd by | case number | rid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/2008 | CASSD00488 | PETERSON, DAVID M. | MINI | 0.5 | CLICK | | 06/02/2008 | 19:43:00 | | CASSD00488 | CASSD20080803573 | CASSD00001 |
| 06/06/2008 | CASSD00488 | PETERSON, DAVID M. | MREV | 0.2 | CLICK | | 06/06/2008 | 13:17:56 | | CASSD00488 | CASSD20080803573 | CASSD00002 |
| 06/17/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 0.2 | CLICK | | 06/17/2008 | 09:05:45 | | CASSD00488 | CASSD20080803573 | CASSD00003 |
| 06/18/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 0.5 | CLICK | | 06/18/2008 | 08:53:50 | | CASSD00488 | CASSD20080803573 | CASSD00004 |
| 06/18/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 1.0 | CLICK | | 06/18/2008 | 08:53:50 | | CASSD00488 | CASSD20080803573 | CASSD00005 |
| 06/23/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 0.2 | CLICK | | 06/24/2008 | 08:53:50 | | CASSD00488 | CASSD20080803573 | CASSD00006 |
| 06/26/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 1.0 | CLICK | | 06/27/2008 | 17:25:50 | | CASSD00488 | CASSD20080803573 | CASSD00007 |
| 06/26/2008 | CASSD00488 | PETERSON, DAVID M. | MAPP | 1.5 | CLICK | | 06/27/2008 | 17:25:50 | | CASSD00488 | CASSD20080803573 | CASSD00008 |
| 07/17/2008 | CASSD00573 | PETERSON, DAVID M. | CREV | 0.3 | CLICK | | 07/17/2008 | 18:03:48 | | CASSD00488 | CASSD20080803573 | CASSD00009 |

**2 Time Detail**

# EXHIBIT F

**FEDERAL**

**DEFENDERS**

**OF**

**SAN DIEGO,**

**INC.**

June 26, 2008

Mr. Caleb Mason
Assistant United States Attorney
880 Front Street
San Diego, CA 92101

RE:    *United States v. Francisco Esparza-Gutierrez*
       *U.S. Court of Appeals No. 08-50157*

Dear Mr. Mason:

I am sending you the attached document, which I believe is the proper way to address the error in appeal that you are conceding. Dismissing an appeal would have no benefit to Mr. Esparza; what I believe we agreed to do was for the government to concede error on the issue of sentencing, and then remand for resentencing. Once the case is returned to Judge Burns for resentencing, the government will move to set aside the plea agreement. If my understanding is in error, please let me know.

Thank you for your assistance in this matter, and please give me a call if you have any questions or concerns. I can be reached at (619) 234.8467, extension 3758

Sincerely yours,

**DAVID M.C. PETERSON**
**Trial Attorney**

DMP/SE

The Federal Community
Defender Organization
for the Southern
District of California

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5008
**(619) 234-8467**
**FAX (619) 687-2666**

# EXHIBIT G



"Mason, Caleb (USACAS)"          To  <david_peterson@fd.org>
<Caleb.Mason@usdoj.gov>          cc
06/26/2008 04:01 PM              bcc
                            Subject  Motion

David, if the motion I sent over works for you, and you want to type up a quick response, we can send them in together, and all will be exactly as you ask in your letter, which is not curt, by the way.   I know you're in trial, but multitask.

*Caleb E. Mason*

Assistant United States Attorney

United States Attorney's Office

Southern District of California

880 Front St.

San Diego CA 92101

619-557-5956