KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5956/(619)235-4716(Fax)
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.  08CR0416LAB |
| Plaintiff, | ) |
| | ) Response in Opposition |
| v. | ) |
| | ) |
| FRANCISCO ESPARZA-GUTIERREZ, | ) |
| | ) Date:       August 18, 2008 |
| Defendant. | ) Time:       3 p.m. |
| | ) Honorable:  Larry A. Burns |
| | ) Courtroom: |

The UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, CALEB E. MASON, Assistant United States Attorney, hereby files the following Response in Opposition to Defendant's Motion to Compel Specific Performance and to Dismiss the Indictment.

### I. Facts and Procedural History

On January 21, 2008, at 9 p.m., defendant Francisco Esparza-Gutierrez ("Defendant") was found by the Border Patrol, hiding in the bushes one mile north of the U.S.-Mexico border and ten miles east of the Tecate, CA, port of entry. Records checks revealed that Defendant had been deported from the United States to Mexico on August 20, 2007, and that between August 2007 and January 2008 he had been apprehended approximately 30 times, and each time was voluntarily returned to

Mexico.

As part of a "fast track" early disposition program, Esparza negotiated a plea agreement with the government. The plea agreement was filed on February 26, 2008. The parties signed a plea agreement that provided, inter alia, that USSG § 2L1.2 applied, and that the offense should carry a base offense level of 8 and a two-level downward adjustment for acceptance of responsibility, for a total offense level of 6. The agreement provided that the parties would not recommend any upward or downward adjustments or departures, and that the parties had no agreement as to the defendant's criminal history. The agreement provided that:

> in the event contrary or additional information is discovered concerning defendant's criminal history which changes defendant's CHC before defendant is sentenced, then (a) the Court may sentence the defendant based upon the agreed total offense level of 6 at the new CHC; or (b) the Government may withdraw from the plea agreement or move to set aside the guilty plea or both.

The agreement provided that the parties would jointly recommend 60 days' imprisonment.

The government filed its Sentencing Summary Chart on February 28, 2008. That chart included a "rap sheet" summary of the defendant's criminal history then known to the government. The chart showed no criminal history.

On March 11, 2008, the Probation Department filed a criminal history report which noted a conviction on November 13, 2007, for reentry following deportation in violation of 8 U.S.C. § 1326.

On March 24, 2008, the government filed an amended Sentencing Summary Chart, noting the November 13, 2007 conviction on its rap sheet, and revising the guidelines calculations on its chart.

The government's amended chart included a +4 adjustment under §

2L1.2(b)(1)(D) (deportation following felony conviction) yielding an adjusted offense level of 12, and included 5 criminal history points, for a category of III, and a range of 10 to 16 months. The amended chart, however, retained the original recommendation of 60 days.

Defendant objected to the filing of the amended chart, arguing that the government was recommending a higher level, in breach of the plea agreement. The court inquired of defense counsel whether he wished to withdraw from the agreement because of the government's filing. Defense counsel stated that he did not wish to withdraw. The court then overruled the objection, finding that the government had not changed its recommendation and was therefore not in breach. The court distinguished between provision of information and recommendation of a sentence. The court noted that government counsel has an ethical obligation, not subject to contractual waiver, to apprise the court of whatever information it has about a defendant's criminal history, and to provide the court with an accurate guidelines calculation.

Defendant objected that the government had not provided documentation of a deportation following the newly-discovered illegal reentry conviction. The government acknowledged that it had not yet provided that documentation to the court, because it had not yet received it. The court then asked defense counsel about Esparza's immigration history:

> [The Court:] I don't know because I don't have a full probation report, but I am assuming that there is a deportation history anyway that lead to this first charging this fellow.
> [Defense Counsel]: That is the August 20th deportation.
> The Court: Not more than that? He hasn't been caught a bunch of times?
> [Defense Counsel]: I believe there are a number of returns.
> The Court: So the point is, Mr. Esparza can't come back

      into the United States. The Border Patrol has told him that and two judges have now told him that.

The court found that the four-level adjustment was appropriate. The court then found that the correct offense level was 10, and the correct category was III. The court sentenced Esparza to five years of probation, with an initial term of imprisonment of nine months. Defense counsel did not object to the imposition of custody as a condition of probation. Defense counsel did object to the length of the five-year term, arguing that two years was the applicable maximum.

Defendant timely appealed, alleging that the sentence imposed was illegal, that the government had breached its plea agreement, and that the court had erred in imposing that 4-level upward adjustment for deportation following a felony conviction.

On June 27, the government filed a Motion for Summary Reversal, arguing that the sentence imposed violated United States v. Forbes, 172 F.3d 675 (9th Cir. 1999), and that in light of the necessity for vacating the sentence and remanding for resentencing, Defendant's other two claims were moot because they derived from the original sentencing hearing. Defendant filed a Response, stating that he did not oppose the motion "for the reasons given by the government."

On July 24, 2008, the Ninth Circuit granted the motion for summary reversal. On July 28, 2008, the parties appeared for the spreading of the mandate. Defendant requested that the Court recuse itself on the grounds of a second alleged breach of a plea agreement. The government informed the Court that as of that date (July 28), it still did not have the original I-205 Warrant of Removal establishing Defendant's January 20, 2008 deportation, on foot, to Mexico, through the Tecate Port of Entry, and therefore could not, on that date,

recommend the 4-level upward adjustment.[1]

The Court requested briefing on the issue of whether Defendant was entitled to immediate recusal, and briefing under seal on the substantive allegations of breach. Defendant filed a motion under seal on July 29, 2008. The United States addresses the substantive breach allegations made in that motion in a separate response motion, filed under seal.

Here the United States responds to the allegations made in Defendant's motion of August 1, 2008. In that motion, Defendant revisits the original breach allegation made at the March 24, 2008 sentencing.

## II. Argument

### A. The Government Did Not Breach the Plea Agreement at the March 24, 2008 Sentencing Hearing, Because It Recommended Precisely What It Agreed To Recommend.

This Court has already ruled on the issue of breach of the initial plea agreement. That ruling was correct, for the reasons outlined herein.[2]

The crucial conceptual distinction is between <u>recommending a sentence</u> and <u>providing information to the court</u>. The Sentencing Summary Charts filed by the government in fast-track cases serve both purposes. In cases such as the instant case, where the recommended

---

[1] As of this filing, the government is in possession of a faxed copy of the I-205 establishing the January 21, 2008 removal. It is attached as Exhibit A.

[2] The United States does not contest Defendant's claim that in the event of a finding of breach he would be entitled to resentencing before a different judge. However, as this Court has explained, and as Defendant concedes, a finding of breach is is a necessary precondition of reassignment. An allegation of breach is not enough.

sentence is less than the time required by the Probation Department to prepare a full Presentence Report, that information-provision function is particularly important, because the court must sentence the defendant based solely on the information provided by the parties. And in all cases, provision of accurate factual information and accurate calculation of the Sentencing Guidelines is an ethical obligation of government counsel, required by counsel's duty of candor to the tribunal. United States v. Maldonado, 215 F.3d 1046, 1052 (9th Cir. 2000) ("[D]espite a plea agreement to make certain recommendations, the government has a duty to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence."). It is not, in short, up to the government what information to provide.

The government's recommendation, on the other hand, is up to the government. The recommendation is what the government requests that the court do, and it is precisely that request that constitutes a defendant's consideration for entering into the plea bargain.

The distinction between accurately advising the court as to the facts and law on the one hand, and recommending a sentence on the other, is underscored by the structure of the Sentencing Summary Chart. The only place the chart uses the word "recommend" or its variants is on the bottom line. The information furnished in the rest of the chart apprises the court of factual and legal information known to the government. Indeed, the bottom-line recommendation is the only component of the chart that the government is free to modify as it chooses. A defendant's criminal history is a matter of fact, and the guidelines calculation is a matter of law; the government can neither alter them by fiat nor contract them away. They are what they are,

entirely independent of prosecutorial discretion and plea bargaining. The plea agreement neither does nor could require that the government misinform the court as to facts or law, in violation of its duty of candor to the tribunal. The accurate calculation of the guidelines is an ethical duty; it is not subject to contractual modification. Defendant's attempt to use the plea agreement to prevent accurate information from reaching the sentencing court should be rejected.

Moreover, the plea agreement specifically contemplated both that new criminal history might be discovered, and that USSG § 2L1.2 applied. No reasonable attorney could fail to know that under 2L1.2, prior convictions can affect a defendant's offense level. And no reasonable attorney would advise his client that the plea agreement imposed a requirement that if prior convictions were discovered, the government would be obligated to hide them from the court, or to misinform the court about their legal effect. By contrast, the reasonable understanding of the agreement- and the one that the district court applied- is that the government will be constrained from recommending that the defendant be sentenced at a higher offense level.

And that reasonable understanding is entirely borne out by the government's conduct in this case. Contrary to Esparza's contention, the government did not recommend sentencing at offense level 10. The government recommended precisely what it agreed to recommend under both Paragraph 8 and Paragraph 9 of the agreement: sentencing at level 6. The government's recommendation was 60 days, or two months. Level 6 at Category III yields a range of 2-8 months, and the government recommended 60 days, the low end of that range, and the agreed-upon sentence.

It is evident from the chart itself that the government did not recommend sentencing at offense level 10. The range at level 10 and category III is 10-16 months. Esparza's contention that the government recommended a sentence at level 10 and category III is refuted by the entire record of proceedings: a 60-day sentence at level 10 in category III is a logical impossibility. See USSG § 5.A (Sentencing Table).

If a defendant is at level 10 in category III, then in order to reach a 60-day sentence, a court must either depart downward under the guidelines, or vary from the guidelines using its post-Booker discretion. Accordingly, if the government in fact recommended a sentence at level 10, then the government would necessarily have had to recommend either a downward departure or a Booker variance under § 3553(a) in order to make a 60-day recommendation. But the government made departure or variance recommendations, because it did not need to; its recommendation was a level 6 sentence, precisely what it agreed to make.

There are, in short, only three possible scenarios for a level 10, Category III recommendation: first, a recommended sentence of 10 to 16 months; second, a recommendation of a lower sentence via a guidelines departure to a lower offense level; third, a recommendation of lower sentence via a Booker variance to a lower sentence. None of these scenarios occurred, for the straightforward reason that the government did not make a Level 10, Category III recommendation.

The government's recommendation of 60 days is instead the correct calculation under the agreement: it is the low end of offense level 6 at criminal history category III.

### III. Conclusion

This Court should find, as it found at the original sentencing hearing, that the government did not breach the plea agreement.

Dated: August 7, 2008

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
United States Attorney

                                              /s/ Caleb E. Mason

                                              CALEB E. MASON
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
United States of America

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,      )    Case No. 08cr0416LAB
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )    CERTIFICATE OF SERVICE
FRANCISCO ESPARZA-GUTIERREZ,   )
                               )
          Defendant.           )
                               )
```

IT IS HEREBY CERTIFIED THAT:

   I, Caleb Mason, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.
   I am not a party to the above-entitled action.  I have caused service of this Response, dated August 7, 2008, and this Certificate of Service, dated  August 7, 2008, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

   David Peterson, Esq.
   Attorney for defendant


   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on August 7, 2008.


                              /s/ Caleb E. Mason
                              CALEB E. MASON
                              Assistant United States Attorney