SEALED
Unsealed per order minute
on 8/22/2008

CALEB E. MASON
Assistant United States Attorney
California Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5956/(619)235-4716(fax)
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
AUG 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCO ESPARZA-GUTIERREZ,<br><br>    Defendant. | ) Criminal Case No. 08CR0416LAB<br>)<br>)<br>) Declaration of Assistant United<br>) States Attorney Caleb E. Mason<br>)<br>)<br>)<br>) Date: August 18, 2008<br>) Time: 3 p.m.<br>) Honorable: Larry A. Burns<br>) Courtroom: |

I, Caleb E. Mason, hereby declare and state that:

1. I am an Assistant United States Attorney for the Southern District of California. I was assigned this case on appeal. I did not handle the original sentencing.

2. Defense counsel David Peterson called me prior to filing his Opening Brief to ask whether I would object to an expedited schedule. He explained that his client's overriding interest was in getting the case remanded quickly. I agreed to the expedited schedule.

28

35 wk

08cr0416

3. After reviewing the file, I determined that the U.S. Attorney's Office did not have the necessary I-205 Warrant of Removal to substantiate the allegation of deportation after a previous felony conviction.

4. I further concluded that the sentence of a 9-month term of imprisonment followed by 5 years' probation was illegal under United States v. Forbes.

5. After discussing the issues with my supervisors, I called Peterson and proposed that we reach a settlement. In that conversation Peterson asked me why I did not want to argue the case. I replied that I had an obligation to do justice, and I couldn't defend the sentence imposed under Forbes.

6. I then proposed that we reach an agreement under Rule 42 of the Federal Rules of Appellate Procedure.

7. Under that rule, the parties would put their agreement in writing and submit it to the Ninth Circuit for acceptance.

8. I told Peterson that the United States would concede error on the sentencing issue and the enhancement issue, but would litigate the breach issue on the grounds that the government's underlying recommendation of 60 days' custody had remained unchanged.

9. I told Peterson that the United States would not oppose remand for resentencing, and would not oppose immediate issuance of the mandate.

10. I told Peterson that under Paragraph 8 of the plea agreement, the United States has the right to set aside a guilty plea and withdraw from the agreement in the event that the defendant's criminal history is found to be different from what the parties

believed when they entered into the agreement. In this case, the agreement specified Category I but Defendant is in Category III; therefore, the United States would have the right to withdraw.

11. I told Peterson that while the computer records indicated a deportation in January 2008 as alleged in the government's first amended sentencing summary chart, we did not have the original I-205, as the Assistant United States Attorney at the original sentencing had accurately informed this Court. I told Peterson that if the United States received the I-205 establishing the deportation prior to any resentencing, I would move to set aside the plea and withdraw from the agreement, because the agreement would then be in conflict with my ethical obligation of candor to the tribunal.

12. I proposed three possible alternative settlements: First, resentencing under the original agreement. I explained to Peterson that until the U.S. Attorney's Office received the I-205, we would be unable to offer proof of the deportation and therefore could not recommend the plus-four upward adjustment. Second, a plea to False Statement under § 1001. Third, a plea to illegal entry under § 1325.

13. Peterson rejected my proposal categorically, stating that he would not enter into any Rule 42 Agreement.

14. I then prepared my brief for filing in the Ninth Circuit.

15. Peterson then called me and informed me that in a previous case handled by another attorney in his office, the government had filed a Motion for Summary Reversal under Rule 27, and that he would not oppose such a motion if the government would agree to withdraw from the plea on remand.

16. I discussed this option with my supervisors, and they agreed that it would be an appropriate resolution.

17. Peterson then sent me a letter containing an example of a government Motion for Summary Reversal. The letter is the one reproduced as Defendant's Exhibit F. That letter accurately summarized my understanding of the parties' respective intentions.

18. I then drafted a Motion for Summary Reversal. The legal arguments made in the Declaration attached to the Motion were identical to the arguments made in the brief I had already prepared.

19. When the Motion was granted, Peterson called me, and I asked him what he wanted to to do on remand. Peterson told me he wanted me to send him a 1325 plea agreement because that was what we had agreed on. I told him I did not remember such an agreement and asked him where it was memorialized. He responded: "It's all in writing. It's in the letter." He then read me the letter reproduced in his Motion as Exhibit F. I responded that that letter does not mention a 1325 plea agreement, and that I was still prepared to withdraw from the original agreement under Paragraph 8. He then conceded that the letter did not mention a 1325 plea agrement, but insisted that we had an oral agreement and stated that he would seek specific performance of that oral agreement.

20. After speaking to Peterson, I carefully reviewed the file and my recollections of our earlier conversations. I then wrote Peterson an email stating that I did not recall entering into the agreement he was alleging.

21. Throughout my conversations with Peterson, he consistently told me that his client wanted a quick remand.

22. As of this date, August 12, 2008, I am in possession of a faxed copy of the I-205 Warrant of Removal for Defendant's January 21, 2008 deportation. It is attached as an exhibit to the Supplemental Brief filed in this case on August 7, 2008. I am not in possession of the original document.

I so declare this 12th day of August, 2008.

Caleb E. Mason, Declarant