1                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA
2
            HONORABLE LARRY ALAN BURNS, JUDGE PRESIDING
3


4
     UNITED STATES OF AMERICA,          )
5                                       )
                     PLAINTIFF,         )   CASE NO. 08CR00416-LAB
6                                       )
              VS.                       )
7                                       )   SAN DIEGO, CALIFORNIA
     FRANCISCO ESPARZA-GUTIERREZ,       )   MARCH 24, 2008
8                                       )   9:30 A.M.
                     DEFENDANT.         )
9    _____)


10


11                      REPORTER'S TRANSCRIPT

12            ACCEPT PLEA WITHOUT P.O. REPORT


13


14
     APPEARANCES:
15   FOR THE GOVERNMENT:            KAREN P. HEWITT, U.S. ATTORNEY
                                    BY:  MARK CANOVER, ESQ.
16                                  ASSISTANT U.S. ATTORNEY
                                    880 FRONT STREET
17                                  SAN DIEGO, CA 92101

18   FOR THE DEFENDANT:            FEDERAL DEFENDERS, INC.
                                    BY:  DAVID PETERSON, ESQ.
19                                  225 BROADWAY, SUITE 900
                                    SAN DIEGO, CA 92101
20
     COURT REPORTER:               EVA OEMICK
21                                  OFFICIAL COURT REPORTER
                                    UNITED STATES COURTHOUSE
22                                  940 FRONT STREET, STE. 2190
                                    SAN DIEGO, CA 92101
23                                  TEL: (619) 615-3103

24

25

1      SAN DIEGO, CALIFORNIA - MONDAY, MARCH 24, 2008, 9:30 A.M.

2           THE CLERK:  NO. 8, 08CR00416, UNITED STATES OF

3      AMERICA VERSUS FRANCISCO ESPARZA-GUTIERREZ FOR CONTINUANCE.

4           MR. CANOVER:  GOOD MORNING, YOUR HONOR.  MARK

5      CANOVER ON BEHALF OF THE UNITED STATES.

6           MR. PETERSON:  IF I MAY HAVE A MOMENT, YOUR HONOR.

7      MY COLLEAGUE, JIM MC MULLEN, HAS POINTED OUT TO ME THAT A

8      MONTH CONTINUANCE WOULD BE MORE APPROPRIATE THAN A TWO-WEEK

9      CONTINUANCE, BECAUSE I BELIEVE THERE WOULD BE BRIEFING

10     NECESSARY IN THIS CASE.

11          AND IN LIGHT OF THE FACT THAT I AM IN YOUR

12     COURTROOM, YOUR HONOR, ON TWO MOTION HEARINGS, I DON'T THINK

13     I'D BE ABLE TO CARRY OUT THE NECESSARY BRIEFING TODAY.

14          THE COURT:  I WILL GIVE YOU A MONTH.

15          MR. PETERSON:  THANK YOU.

16          THE COURT:  WHAT DO YOU THINK THEY DID TO BREACH THE

17     PLEA AGREEMENT?

18          MR. PETERSON:  THE AMENDED SENTENCING SUMMARY CHART

19     SPECIFIES A DIFFERENT TOTAL OFFENSE LEVEL THAN THAT --

20          THE COURT:  THAN IT WAS BARGAINED FOR?

21          MR. PETERSON:  THAN THE ONE THAT WAS BARGAINED FOR.

22     IT SIGNIFICANTLY ALTERS THE GUIDELINES.

23          THE COURT:  WAS IT AN AREA THAT WAS LEFT OPEN,

24     MR. PETERSON, DEPENDING TO A CRIMINAL HISTORY DETERMINATION?

25          MR. PETERSON:  NO, YOUR HONOR.  THE CRIMINAL HISTORY

1    CATEGORY IS LEFT OPEN UNDER OUR STANDARD FAST TRACK PLEA

2    AGREEMENT, BUT THE TOTAL OFFENSE LEVEL IS NOT LEFT OPEN.  THE

3    PARTIES AGREED TO IT AND ARE BOUND BY THEIR CONTRACTUAL

4    AGREEMENT.

5              THE COURT:  THIS IS FRANCISCO GUTIERREZ, RIGHT?

6              MR. PETERSON:  THAT'S CORRECT.  HE IS NOW BEFORE THE

7    COURT AND IN CUSTODY.

8              THE COURT:  WELL, LET ME TELL YOU ONE THING THAT HAS

9    NOT HAPPENED YET.  THEIR AMENDED SENTENCING SUMMARY CHART

10   HASN'T MADE ITS WAY INTO MY FILE.  SO I HAVE NOT CONSIDERED IT

11   AT THIS POINT.

12             MR. PETERSON:  IT WAS FILED LATE FRIDAY AFTERNOON.

13             MR. CANOVER:  I HAVE A COPY IF YOU WOULD LIKE TO SEE

14   IT, YOUR HONOR.

15             THE COURT:  YOU WANT ME TO SEE IT AT THIS POINT, OR

16   YOU WANT ME TO SEAL IT PENDING THE RESOLUTION OF THEIR MOTION?

17             MR. CANOVER:  WE CAN WAIT TO THE RESOLUTION OF THE

18   MOTION, YOUR HONOR.

19             THE COURT:  YOU MAY LODGE IT.

20             TISH, IF YOU'LL FILE IT SEALED.

21             MR. PETERSON:  IT WAS E-FILED ON FRIDAY, YOUR HONOR.

22             THE COURT:  I HAVEN'T SEEN IT.  WHEN IT COMES IN IN

23   HARD COPY FORM OR WHEN ROSEANNA GIVES IT TO YOU, SEAL IT

24   PENDING RESOLUTION OF THIS.  PROBABLY UNCOMPLICATES IT IF I

25   HAVEN'T SEEN IT AT ALL BY THE TIME I RULE ON THE MOTION.

4

1      YOU PROBABLY REVEAL THE SUBSTANCE OF IT IN THE

2   MOTION, RIGHT?

3      MR. PETERSON:  I BELIEVE I HAVE ALREADY REVEALED THE

4   SUBSTANCE OF IT TO YOUR HONOR.

5      THE COURT:  WELL, I DON'T KNOW EXACT NUMBERS, BUT DO

6   YOU HAVE ANY OBJECTION TO ME LOOKING AT IT RIGHT NOW?

7      MR. PETERSON:  I DON'T HAVE AN OBJECTION TO YOU

8   LOOKING AT IT.  IT HAS BEEN FILED WITH THE COURT, AND THE

9   FILING WITH THE COURT WOULD HAVE BEEN THE BREACH THAT I WAS

10  CLAIMING.

11     THE COURT:  I HAVEN'T ACTUALLY SEEN IT, BUT I WILL

12  TAKE A LOOK AT IT.  I DON'T KNOW THERE IS ANY OTHER WAY.  IF

13  YOU ARE MAKING AN ARGUMENT IN CONTEXT, I NEED TO KNOW WHAT THE

14  DIFFERENT RECOMMENDATION IS AND WHY THAT CONSTITUTES A BREACH.

15     THE AMENDED RECOMMENDATION HERE, MR. PETERSON, IS

16  EXACTLY THE SAME BOTTOM LINE.  THIS IS IT?

17     MR. CANOVER:  THAT'S CORRECT, YOUR HONOR.  THE

18  RECOMMENDATION REMAINS THE SAME.  THE DIFFERENCE IS THE

19  GOVERNMENT BECAME AWARE OF A PRIOR 1326 THAT OCCURRED ABOUT

20  TWO OR THREE MONTHS PRIOR THAT WE WERE NOT AWARE OF.

21     THE COURT:  HOW IS THAT A BASIS FOR BREACH?  THEY

22  ARE RECOMMENDING THE SAME BOTTOM LINE SENTENCE, AND YOU TOLD

23  ME THE CRIMINAL HISTORY WAS LEFT OPEN.  ALL THEY HAVE DONE IS

24  INDICATED THAT HE HAS GOT A PRIOR THAT THEY DIDN'T KNOW

25  ABOUT.

1          MR. PETERSON:  WHAT'S LEFT OPEN IS THE CRIMINAL

2    HISTORY CATEGORY.  UNDER THE CLEAR TERMS OF THE PLEA

3    AGREEMENT, THE PARTIES AGREE THAT THE SENTENCING GUIDELINES

4    ARE TO BE COMPUTED AS FOLLOWS:  BASE OFFENSE LEVEL EIGHT,

5    MINUS TWO FOR ACCEPTANCE OF RESPONSIBILITY, FOR A TOTAL

6    OFFENSE LEVEL OF SIX.

7          THAT'S THE CLEAR TERMS OF THE PLEA AGREEMENT.  AND

8    AS YOU SEE FROM THE SENTENCING SUMMARY CHART THAT THEY FILED

9    ON FRIDAY, THEY ARE NOW SAYING THAT THE TOTAL OFFENSE LEVEL IS

10   10 AFTER REDUCTION OF TWO FOR ACCEPTANCE OF RESPONSIBILITY.

11         THE COURT:  I MEAN, LOOK, IT EITHER IS OR IT ISN'T.

12   I AM NOT GOING TO CONTINUE THIS THING FOR A MONTH TO GO OVER

13   IT IF THIS IS THE ISSUE.  THEY FOUND A PRIOR THEY WEREN'T

14   AWARE OF.  THEY HAVE INCLUDED THE PRIOR IN THE CALCULATIONS.

15   THEIR BOTTOM LINE RECOMMENDATION REMAINS THE SAME.

16         MR. PETERSON, I DON'T HAVE TIME TO WAIT AND CONSIDER

17   WHETHER THIS IS A BREACH IF THOSE ARE THE CIRCUMSTANCES.  IN

18   MY JUDGMENT, THAT'S NOT A BREACH.  THEY ARE BUFFETED HERE.

19   THEY HAVE AN OBLIGATION TO TELL ME WHAT THE GUIDELINES ARE,

20   NOT WHISTLE PAST THE GRAVEYARD AND IGNORE THINGS THAT ARE

21   EXTANT AS IN THIS CASE, THE PRIOR 1326.

22         THEY HAVE DONE THAT, BUT THEIR BOTTOM LINE

23   RECOMMENDATION REMAINS 60 DAYS.  SO WHY IN THE WORLD WOULD I

24   PUT THIS OVER AND SAY SHAME ON YOU FOR TELLING ME THE TRUTH ON

25   SOMETHING YOU WEREN'T AWARE OF AT THE TIME?  I DON'T THINK IT

1  WORKS THAT WAY.

2          THE MOTION FOR CONTINUANCE IS DENIED.  YOU WANT TIME

3  TO TALK TO YOUR CLIENT, BECAUSE I AM GOING TO GO FORWARD TODAY

4  ON THIS.

5          MR. PETERSON:  YOUR HONOR, IN THIS CASE I WOULD SAY

6  CLEARLY THERE IS A BREACH.  IF I CAN READ TO YOU FROM THE PLEA

7  AGREEMENT WHICH YOU HAVE BEFORE YOU.

8          THE COURT:  I DISAGREE.  I HAVE YOUR ARGUMENT.  IT'S

9  NOT A BREACH.  THEY HAVE AN OBLIGATION TO GIVE ME CORRECT

10  INFORMATION.  AND THE EXPLANATION IS THEY WEREN'T AWARE OF THE

11  1326 AT THE TIME THEY NEGOTIATED THE PLEA.  THEY FOUND OUT

12  ABOUT IT.  THEY PUT IT IN, BUT THEIR BOTTOM LINE REMAINS 60

13  DAYS.

14          MR. PETERSON:  YOUR HONOR, THE CRIMINAL HISTORY

15  REPORT PREPARED BY PROBATION CONTAINED THE CALCULATIONS THAT

16  THEY LATER ON SUPPLIED ADDITIONALLY.

17          THE COURT:  IT HAPPENS FREQUENTLY, MR. PETERSON.

18  PROBATION UNEARTHED SOMETHING THAT THEY WERE UNAWARE OF.

19          I MEAN, I JUST HAD SOMEBODY COMPLAINING TO ME THAT

20  THEY HAVE 10 DAYS TO MAKE UP THEIR MINDS HERE WHICH MEANS THAT

21  THERE IS SOME PRESSURE ON THE GOVERNMENT TO COME UP WITH THESE

22  OFFERS FAIRLY QUICKLY, TOO.  IT IS NOT AT ALL UNCOMMON THAT A

23  PRIOR GETS MISSED, NOT AT ALL.  IF YOUR POSITION IS THE

24  SCORCH-EARTH POSITION, WELL, THAT'S IT.  YOU MISSED IT AS OF

25  THAT FIRST LOOK.  CAN'T EVER BE CONSIDERED EVEN THOUGH THERE

1    IS NO DISPUTE THAT HE HAS SUFFERED A PRIOR IN THE PAST, THAT'S

2    AN UNREASONABLE POSITION THAT I DON'T EMBRACE.

3         MR. PETERSON:  THE PLEA AGREEMENT VERY MUCH TAKES

4    INTO CONSIDERATION THE POSSIBILITY THAT SOMETHING WILL BE

5    MISSED, AND THAT ALLOWS THEM TO CHANGE THE CRIMINAL HISTORY

6    CATEGORY CALCULATION, BUT IT DOES NOT ALLOW THEM TO CONTAIN

7    THE CRIMINAL HISTORY BASE OFFENSE LEVEL AND TOTAL OFFENSE

8    LEVEL FOLLOWING AN ADJUSTMENT.

9         THE COURT:  WHAT YOU ARE SAYING IS DON'T GIVE EFFECT

10   TO SOMETHING THAT HAS LEGAL EFFECT.  IGNORE THAT, BECAUSE THEY

11   MISSED IT.  THEY WERE UNAWARE OF IT.  THE FACT OF THE MATTER

12   IS THEY FOUND IT.  IT HAS SOME LEGAL EFFECT, BUT AT THE END OF

13   THE DAY THEIR SENTENCING RECOMMENDATION IS THE SAME.

14        THE MOTION TO CONTINUE IS DENIED.  IF YOU WANT TO GO

15   FORWARD NOW, WE WILL.  OTHERWISE I WILL TRAIL TO THE END OF

16   THE CALENDAR.  I AM NOT GOING TO TRAIL THIS CASE TO TAKE

17   ARGUMENT ON THAT.  I THINK IT IS REALLY AN UNREASONABLE

18   ARGUMENT TO SAY THAT THE GOVERNMENT HAS TO, IN EFFECT, REMAIN

19   OR ADHERE TO SOME FICTION THAT A PRIOR THAT THEY DIDN'T KNOW

20   EXISTS DOESN'T EXIST AND THEY CAN'T SPEAK OF IT.  IT'S LIKE

21   THE NAME MOSES, YOUR KNOW.  IT WON'T BE WRITTEN.  IT'LL BE

22   STRICKEN FROM EVERY OBELISK AND NO ONE WILL SPEAK IT AGAIN.

23   THAT'S JUST NOT THE WAY IT WORKS.

24        THEY HAVE AN OBLIGATION TO BE HONEST WITH ME AND

25   SAY, "JUDGE, WE MISSED IT.  HERE IT IS.  DOESN'T AFFECT THE

8

1   BOTTOM LINE.  WE ARE SORRY WE MISSED IT.  OUR RECOMMENDATION

2   MIGHT HAVE BEEN DIFFERENT, BUT WE MISSED IT.  WE ARE GOING TO

3   GO ALONG WITH THE 60-DAY RECOMMENDATION" WHICH, BY THE WAY,

4   MR. PETERSON, I AM NOT ON BOARD WITH.  BUT IT HAS NOTHING TO

5   DO WITH THEIR RECOMMENDATION.

6           MR. PETERSON:  YOUR HONOR, THE HARMLESS ERROR RULE

7   DOES NOT APPLY TO BREACH OF PLEA AGREEMENTS.  SO WHETHER OR

8   NOT THEIR BREACH AFFECTS YOUR ULTIMATE DECISION IS --

9           THE COURT:  YOU ARE PRESUMING IT'S A BREACH, AND I

10  REJECT IT.  THAT'S NOT A BREACH.

11          ANYWAY, YOUR CHOICES ARE THESE:  YOU WANT TO GO

12  FORWARD NOW OR YOU WANT TO GO FORWARD AT THE END OF THE

13  CALENDAR?

14          I DENY THE MOTION TO POSTPONE FOR YOU TO BRIEF

15  WHETHER THIS IS A BREACH.  I FIND IT IS NOT.  IF THREE WISER

16  PEOPLE ON A HIGHER COURT DISAGREE WITH ME, THEN YOU HAVE GOT

17  AN APPEAL.

18          YOU WANT TO GO FORWARD NOW OR YOU WANT ME TO TRAIL

19  YOU ON THE CALENDAR?

20          MR. PETERSON:  IF YOUR HONOR WOULD TRAIL TO THE END

21  OF THE CALENDAR, PLEASE.

22          THE COURT:  WE WILL RECALL THIS AGAIN.

23                          --OOO--

24

25

9

1      <u>SAN DIEGO, CALIFORNIA - MONDAY, MARCH 24, 2008, 2:00 P.M.</u>

2           THE CLERK:  NO. 8, 08CR00416, UNITED STATES OF

3      AMERICA VERSUS FRANCISCO ESPARZA-GUTIERREZ.

4           MR. PETERSON:  GOOD AFTERNOON, YOUR HONOR.  DAVID

5      PETERSON ON BEHALF OF MR. ESPARZA-GUTIERREZ.

6           MR. CANOVER:  GOOD AFTERNOON, YOUR HONOR.  MARK

7      CANOVER ON BEHALF OF THE UNITED STATES.

8           MR. PETERSON:  MR. ESPARZA-GUTIERREZ IS PRESENT

9      BEFORE THE COURT.  HE IS IN CUSTODY.  HE WILL BE USING A

10     SPANISH-SPEAKING INTERPRETER TODAY.  WE ARE PREPARED TO GO

11     FORWARD.

12          THE COURT:  THE COURT HAS RECEIVED A REPORT AND

13     RECOMMENDATION FROM JUDGE ADLER WHO TOOK THIS GENTLEMAN'S PLEA

14     TO BEING A DEPORTED ALIEN FOUND IN THE UNITED STATES.  JUDGE

15     ADLER SAYS THE PLEA WAS OFFERED FREELY, VOLUNTARILY, KNOWINGLY

16     AND INTELLIGENTLY AND URGES ME ACCEPT IT.  I AM PREPARED TO DO

17     THAT UNLESS THERE IS AN OBJECTION AT THIS TIME?

18          MR. PETERSON:  NO OBJECTION AT THIS TIME, YOUR

19     HONOR.

20          THE COURT:  I ADOPT THE REPORT AND RECOMMENDATION.

21     I FIND THAT THE PLEA WAS KNOWING, VOLUNTARY AND INTELLIGENT.

22     I ACCEPT IT.

23          THIS GENTLEMAN, MR. ESPARZA, AT ONE POINT WAIVED HIS

24     RIGHT TO A PRESENTENCE REPORT.  DOES HE CONFIRM THAT DECISION

25     TODAY?

10

1          MR. PETERSON:  HE DOES, YOUR HONOR.

2          THE COURT:  IF LIEU OF THAT, I HAVE BEEN FURNISHED

3     WITH A CRIMINAL HISTORY REPORT WHICH I HAVE READ AND

4     CONSIDERED.  I HAVE ALSO LOOKED AT THE PLEA AGREEMENT IN THIS

5     CASE, MR. PETERSON.  AND THE GOVERNMENT, AS YOU HAVE NOTED,

6     HAS FILED AN INITIAL SENTENCING SUMMARY CHART AND RAP SHEET,

7     AND THEN THEY FILED AN AMENDED ONE THAT MAKES REFERENCE TO THE

8     PRIOR ILLEGAL REENTRY.  THAT'S THE ONE THAT WAS NOT KNOWN?

9          MR. PETERSON:  THAT'S CORRECT.

10         THE COURT:  JUST A SINGLE REENTRY?

11         MR. PETERSON:  THAT'S CORRECT.

12         THE COURT:  AND THE RECORD WILL REFLECT THAT YOU HAD

13    MOVED FOR A CONTINUANCE SO THAT YOU COULD ARGUE THAT THIS WAS

14    A BREACH OF THE GOVERNMENT'S PLEA AGREEMENT TO FILE THE

15    AMENDED RAP SHEET AND SENTENCING SUMMARY CHART.

16         I HAVE OVERRULED THAT.  THEY ARE ASKING FOR THE SAME

17    SENTENCE IN BOTH.  THE ONLY THING THAT'S DIFFERENT FROM MY

18    PROSPECTIVE IS THAT THEY CHANGED THE GUIDELINE CALCULATIONS.

19    AND THEY HAVE BEEN FORCED TO DO THAT, BECAUSE IT APPEARS TO BE

20    UNDISPUTED THAT THEY WERE UNAWARE AT THE TIME THEY ENTERED

21    INTO THE PLEA AGREEMENT WITH THE DEFENDANT THAT HE HAD A

22    PRIOR.  THEY SUBSEQUENTLY BECAME AWARE OF IT, AND OBSERVATION

23    OF THEIR DUTY OF CANDOR TO THE COURT AND HELPING ME TO GET THE

24    GUIDELINES CALCULATIONS RIGHT, THEY HAVE ALERTED ME TO THAT.

25         SO THEIR GUIDELINE CALCULATIONS APPEAR TO BE

1    CORRECT. EVEN THOUGH THE GUIDELINES WOULD COMMAND A LONGER

2    SENTENCE THAN THEY RECOMMEND, THEY HAVE ADHERED TO THEIR

3    ORIGINAL SENTENCING POSITION WHICH, FROM THE DEFENDANT'S

4    PROSPECTIVE, IS REALLY THE BOTTOM LINE. HOW MUCH TIME HE

5    DOES, NOT HOW WE GET THERE.

6          FOR THOSE REASONS I OVERRULE THE OBJECTION. I DENY

7    THE REQUEST FOR CONTINUANCE TO BRIEF THAT. I DON'T NEED ANY

8    FURTHER BRIEFING ON THAT. HE HAS HIS ISSUE, IF HE WANTS IT,

9    FOR THE COURT OF APPEALS. ALTHOUGH WAS THERE AN APPELLATE

10   WAIVER AS PART OF THE PLEA AGREEMENT?

11         MR. CANOVER: YES, THERE IS, YOUR HONOR.

12         THE COURT: WELL, I HAVE A DISAGREEMENT EVEN WITH

13   THE RECOMMENDATION OF 60 DAYS GIVEN THAT THIS IS NOT HIS

14   FIRSTTIME. I AM AWARE OF THAT. I AM NOT INCLINED TO GO ALONG

15   WITH THE 60-DAY RECOMMENDATION. HE GOT THAT THE FIRST TIME.

16   I AM HAPPY TO HEAR FROM YOU AS TO WHAT MIGHT BE AN ALTERNATIVE

17   APPROPRIATE SENTENCE.

18         MR. PETERSON: THANK YOU, YOUR HONOR.

19         GOVERNMENT AND DEFENSE COUNSEL STAND BY THEIR

20   RECOMMENDATION OF 60 DAYS WHICH IS PER THE PLEA AGREEMENT. IN

21   ADDITION, I WOULD NOTE THAT THE PLEA AGREEMENT DOES CONTAIN A

22   VALVE FOR THE GOVERNMENT IF SOMETHING LIKE THIS IS TO HAPPEN

23   AND THE TOTAL OFFENSE LEVEL REMAINS THE SAME -- SIX -- AND THE

24   CRIMINAL HISTORY CATEGORY IS AMENDED TO REFLECT THE CHANGE.

25   THAT WOULD BE A MOVEMENT FROM CRIMINAL HISTORY CATEGORY 1 TO

1    CRIMINAL HISTORY CATEGORY 3.

2              THE GUIDELINE RANGE THERE UNDER THE PLEA AGREEMENT

3    WOULD BE TWO TO EIGHT MONTHS.  AND, IN ESSENCE, THEN WITH THE

4    GOVERNMENT BY CONTINUING ITS RECOMMENDATION OF 60 DAYS IS

5    RECOMMENDING THE LOW END OF THE AMENDED GUIDELINE RANGE AGREED

6    TO BY THE PARTIES UNDER THE PLEA AGREEMENT.

7              THE COURT:  THEY SAY THAT THE RANGE -- AND I

8    UNDERSTAND THERE IS A DIFFERENCE BETWEEN WHAT THE RANGE IS AND

9    THE RECOMMENDATION.  THE RANGE IS 10 TO 16 MONTHS.

10             MR. PETERSON:  YOUR HONOR, AND THAT'S WHEN I BELIEVE

11   THE BREACH OCCURRED.  CLEARLY, IN THE PLEA AGREEMENT IT SAYS

12   THE PARTIES AGREE THAT U.S. 201.2 APPLIES IN THIS CASE AND THE

13   SENTENCING GUIDELINES ARE TO BE COMPUTED AS FOLLOWS:  BASE

14   OFFENSE LEVEL 8 -- I AM READING FROM PARAGRAPH 5.

15             ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY UNDER

16   3(E)1.1 DOWN TWO LEVELS FOR A TOTAL OFFENSE LEVEL OF 6.  AND

17   THEN MOVING ON TO THE PARAGRAPH A WHICH HAS NO AGREEMENT AS TO

18   CRIMINAL HISTORY CATEGORY.

19             WHAT IT SAYS IS THAT "THE PARTIES AGREE FURTHER IF

20   IN THE EVENT CONTRARY OTHER ADDITIONAL INFORMATION IS

21   DISCOVERED CONCERNING DEFENDANT'S CRIMINAL HISTORY WHICH

22   CHANGES DEFENDANT'S CRIMINAL HISTORY CATEGORY BEFORE DEFENDANT

23   IS SENTENCED, THEN THE COURT MAY SENTENCE DEFENDANT BASED ON

24   THE AGREED TOTAL OFFENSE LEVEL OF SIX AT THE NEW CRIMINAL

25   HISTORY CATEGORY OR THE GOVERNMENT MAY MOVE TO WITHDRAW FROM

1    THE PLEA AGREEMENT."

2              THE GOVERNMENT IS NOT, TO MY UNDERSTANDING,

3    WITHDRAWING.

4              THE COURT:  OR, I SUPPOSE, THE DEFENDANT HAS A RIGHT

5    THE WITHDRAW, TOO.  I DIDN'T GIVE YOU THAT OPPORTUNITY.  IF HE

6    WANTS TO DO THAT BASED ON MY STATEMENTS AND THE DISCOVERY OF

7    HIS PRIOR THAT WAS HERETOFORE UNKNOWN, I WOULD PERMIT HIM TO

8    DO THAT.  I JUST DON'T SEE HOW IT BETTERS THE SITUATION, BUT

9    YOU ARE IN THE BEST POSITION TO ADVISE HIM ON THAT.

10             MR. PETERSON:  I HAVE SPOKEN WITH HIM ABOUT THAT,

11   AND I APPRECIATE YOUR HONOR ALLOWING ME TO DO THAT OVER LUNCH.

12   HE DOES NOT WANT TO.  AND ONE OF THE REASONS HE DOESN'T WANT

13   TO IS HE ACCEPTED RESPONSIBILITY.  IT'S BEEN I THINK A TOUGH

14   COUPLE OF MONTHS, AND I THINK IT HAS BEEN A LITTLE WHILE

15   COMING HERE THAT HE HAS REALIZED IT DOESN'T -- THAT HE DOESN'T

16   GET 60 DAYS A SECOND TIME, THAT THAT'S NOT THE WAY YOU WORK.

17   THAT'S NOT THE WAY, AS YOU HAVE NOTED EARLIER TODAY, HOW THE

18   SYSTEM WORKS.

19             THE COURT:  IT SHOULDN'T AT LEAST.

20             MR. PETERSON:  AND YOU MIGHT VERY WELL BE CORRECT

21   THAT IT SHOULDN'T.  I DO THINK THAT THE 3553(A) FACTORS, WHICH

22   I WILL GO THROUGH, SUGGEST THAT AN INCREASE OF FIVEFOLD UP TO

23   10 MONTHS OR AN INCREASE EIGHTFOLD UP TO 16 MONTHS WOULD BE

24   EXCESSIVE.

25             THE COURT:  I AGREE WITH YOU ON THE 16 MONTHS.  HE

14

1    IS NOT A CANDIDATE FOR THAT.  I THINK SOME INCREMENTAL

2    INCREASE IS WARRANTED GIVEN THAT HE HAS DONE THIS BEFORE.  HE

3    STOOD IN FRONT OF A DISTRICT COURT JUDGE BEFORE.

4              MR. PETERSON:  IT WAS HERE.

5              THE COURT:  WHICH JUDGE WAS IT?

6              MR. PETERSON:  IT MUST HAVE BEEN JUDGE BENITEZ.

7              THE COURT:  SO IN NOVEMBER JUDGE BENITEZ SAID "60

8    DAYS.  DON'T COME BACK."  WHAT IS THE DATE OF THE OFFENSE

9    HERE?  JANUARY.  HE IS BACK BY JANUARY.  SO FROM MY

10   PROSPECTIVE, THAT'S A LITTLE AGGRAVATING.

11             MR. PETERSON:  I UNDERSTAND THAT IT WOULD APPEAR TO

12   BE AGGRAVATING.  ESSENTIALLY, WHAT KEEPS THAT FROM BEING

13   AGGRAVATING, YOUR HONOR, IN MY OPINION IS THE REASONS THAT

14   MR. ESPARZA HAD FOR COMING BACK.  THE SOLE REASON IS BECAUSE

15   HE IS TRYING TO SUPPORT HIS FAMILY.

16             HE IS THE HUSBAND OF JESENIA (PHONETIC), AND

17   TOGETHER THEY HAVE TWO CHILDREN.  ONE IS EIGHT AND ONE IS

18   FOUR.  AND JESENIA IS IN FACT CURRENTLY SIX MONTHS PREGNANT

19   WITH THEIR THIRD CHILD.  THEY DON'T KNOW WHETHER IT'S A BOY OR

20   A GIRL.

21             THE COURT:  YOU MUST HAVE DISCUSSED THIS WITH HIM,

22   MR. PETERSON.  THERE IS MILLIONS OF MEXICAN CITIZENS WHO GO

23   ABOUT THEIR DAILY ACTIVITIES JUST AS AMERICAN CITIZENS DO, AND

24   THEY DON'T FIND THE NEED TO ILLEGALLY CROSS OVER TO THIS

25   COUNTRY.

15

1          I GET IT.  I AM NOT NAIVE.  I UNDERSTAND THE

2    STANDARD OF LIVING IS BETTER HERE THAN IN MANY COUNTRIES, BUT

3    THAT'S NOT A FREE PASS FOR PEOPLE FROM COUNTRIES THAT ARE LESS

4    FORTUNATE JUST TO COME IT.  I THINK PROBABLY THAT'S WHAT JUDGE

5    BENITEZ WAS TRYING THE IMPRESS UPON MR. ESPARZA WHEN HE

6    SENTENCED HIM THE FIRST TIME AND SAID, "DON'T COME BACK HERE

7    AGAIN, BECAUSE YOUR WORST DAY IN MEXICO IS BETTER THAN YOUR

8    BEST DAY IN THE UNITED STATES JAIL."  THAT'S GOT TO BE TRUE,

9    RIGHT?

10          MR. PETERSON:  I THINK THAT THAT IS TRUE, AND I THAT

11    MR. ESPARZA KNOWS THAT.  MR. ESPARZA REALIZES THAT.  I THINK

12    PARTICULARLY UPON THE REALIZATION THAT IT IS A HASH REALITY

13    THAT IT'S MORE THAN TWO MONTHS IN JAIL THAT ONE IS RISKING IF

14    ONE WERE TO LOOK AT IT FROM A COST BENEFIT ANALYSIS.

15          NOW THAT HE REALIZES THAT IT'S WAY MORE THAN TWO

16    MONTHS WHAT SOME WOULD CONSIDER SLAP ON THE WRIST -- I AM NOT

17    SUGGESTING THAT THAT TWO MONTHS WAS EASY FOR HIM, BECAUSE HE

18    HAS NO PRIOR CRIMINAL HISTORY, NO TIME IN JAIL.

19          THE COURT:  HE IS DEFINITELY DIFFERENT FROM THE

20    USUAL OFFENDER THAT I SEE CHARGED UNDER THIS STATUTE.  THE

21    OBJECT IS TO KEEP HIM FROM COMING BACK, AND REALLY, WHAT YOU

22    ARE SAYING TO ME IS, "JUDGE, YOU KNOW, I KNOW YOU ARE

23    SPECIFICALLY ASKING FOR THIS, BUT THE EFFECT OF IT IS, JUDGE,

24    YOU NEED TO IMPOSE A SENTENCE THAT GETS THAT MESSAGE HOME TO

25    HIM."  APPARENTLY, THE 60 DAYS DIDN'T WORK.  60 DAYS WAS A

1   SMALL PRICE TO PAY.  AND APPARENTLY, IF THAT'S ALL THAT

2   HAPPENS TO HIM, HE KEEPS COMING BACK.

3          I HAVE GOT TO CONVINCE MR. ESPARAZA THAT THE PRICE

4   KEEPS GOING UP, THE ANTE GOES UP WHEN HE LOOSES THESE HANDS AS

5   HE DOES WHEN HE GETS ARRESTED COMING ACROSS.

6          MR. ESPARZA, WHAT DO YOU HAVE TO SAY IN YOUR OWN

7   BEHALF?

8          THE DEFENDANT:  YOUR HONOR, WHAT I WOULD REQUEST IS

9   ANOTHER OPPORTUNITY PROMISING THAT I WON'T RETURN ANYMORE.

10          THE COURT:  YOU MEAN THAT?

11          THE DEFENDANT:  YES, I DO MEAN IT.

12          THE COURT:  THERE IS NO CIRCUMSTANCE THAT ALLOWS YOU

13   TO COME OVER HERE.  I DON'T WANT TO SOUND HEARTLESS TO YOU.  I

14   UNDERSTAND WHAT MR. PETERSON SAID.  I UNDERSTAND YOU HAVE TWO

15   CHILDREN YOU ARE TRYING TO SUPPORT.  YOU HAVE GOT A THIRD

16   CHILD ON THE WAY AND THAT THE OPPORTUNITIES HERE ARE BETTER IN

17   THE UNITED STATES.

18          I HAVE LOOKED AT YOUR RECORD.  YOU ARE NOT THE

19   RUN-OF-THE-MILL CRIMINAL.  YOU HAVEN'T VIOLATED OTHER LAWS OF

20   THE UNITED STATES, BUT YOU DON'T HAVE A RIGHT TO BE HERE.  AND

21   EVERY TIME TO COME BACK, THE JUDGE IS GOING TO BE INCLINED TO

22   GIVE YOU A LONGER SENTENCE.  SO YOU HAVE GOT TO STAY IN

23   MEXICO.  YOU'LL PROMISE ME THAT YOU'LL DO THAT?

24          THE DEFENDANT:  YES, I AM GOING TO DO THAT.

25          THE COURT:  WHAT'S THE POSITION OF THE UNITED

17

1    STATES, 60 DAYS?

2            MR. CANOVER:  YES, YOUR HONOR.

3            THE COURT:  THE COURT FINDS AS FOLLOWS:  FIRST,

4    AGAIN OVER THE OBJECTION OF THE DEFENSE, I FIND THAT THE

5    GUIDELINE LEVELS ARE CORRECTLY SET FORTH IN THE GOVERNMENT'S

6    AMENDED SENTENCING SUMMARY CHART.

7            LOOK, HERE IS WHAT'S NOT AT ISSUE HERE.  THEY DIDN'T

8    KNOW ABOUT THIS PRIOR WHEN THEY ENTERED INTO THE PLEA

9    AGREEMENT.  I THINK, MR. CANOVER, MR. PETERSON HAS GOT A

10   POINT.  YOU NEED TO CHANGE THE STANDARD FORM PLEA AGREEMENT.

11   THE CHANGE IN CRIMINAL HISTORY ALSO MIGHT AFFECT THE

12   GUIDELINES, AND I THINK YOU NEED TO LEAVE YOURSELF THAT OUT.

13           HERE IT ADDS FOUR POINTS.  SO YOU ARE IN A POSITION

14   OF EITHER SAYING, "JUDGE, IGNORE THAT RELEVANT PROVISION OF

15   THE GUIDELINES THAT OUGHT TO APPLY BECAUSE YOU PROMISED THAT"

16   OR COMPLYING WITH YOUR DUTY OF CANDOR TO SAY YOU DIDN'T SEE

17   IT, BUT THIS IS THE WAY THE GUIDELINES SHOULD CALCULATE OUT.

18           MR. CANOVER:  I AGREE, YOUR HONOR.  I BROUGHT THAT

19   UP.  WE ARE WORKING ON THAT.

20           THE COURT:  THAT NOTWITHSTANDING, THE BOTTOM LINE IS

21   NOT ABOUT CALCULATIONS.  IT'S NOT HOW WE GET TO THE

22   RECOMMENDATION OF THE UNITED STATES.  IT IS WHAT IT IS.  IT

23   DIDN'T CHANGE.  IT WAS 60 DAYS BEFORE.  IS IT 60 DAYS AGAIN.

24           AGAIN, I REITERATE I FIND NO BREACH ON THE PART OF

25   THE UNITED STATES IN BRINGING TO MY ATTENTION THAT EVERYONE

18

1    AGREES EXISTS, AND I DON'T HEAR ANY DISAGREEMENT THAT IT

2    AFFECTS THE CHANGE IN THE GUIDELINE RANGE THAT IS INDICATED IN

3    THE AMENDED SENTENCING SUMMARY CHART.  IT DOES HAVE THAT

4    EFFECT.  IT ADDS FOUR.

5              MR. PETERSON:  IT'S JUST PART OF MY DUTY TO

6    ZEALOUSLY REPRESENT.  I WOULD HAVE TO NOTE THAT THE GOVERNMENT

7    HAS NOT PROVIDED THE INFORMATION THAT A DEPORTATION OCCURRED

8    AFTER THAT CONVICTION.  THERE IS NO EVIDENCE ON THAT BEFORE

9    THE COURT.  I HAVE TO ACKNOWLEDGE THAT, FOR THE RECORD.

10             THE COURT:  WELL, THE OFFENSE ITSELF ASSUMES THE

11   DEPORTATION, RIGHT?

12             MR. PETERSON:  THE DEPORTATION ADMITTED TO -- AND

13   CHARGING THE INFORMATION ADMITTED TO IN THE PLEA AGREEMENT IS

14   FROM AUGUST 20, 2007 -- EXCUSE ME -- AUGUST 12, I BELIEVE.

15             THE COURT:  13?

16             MR. PETERSON:  20.

17             THE COURT:  WHATEVER IT IS.  HE HAS PLED GUILTY

18   PREVIOUSLY TO A DEPORTED ALIEN FOUND IN THE UNITED STATES.

19   AND PART OF THE ELEMENT OF THAT CHARGE IS THAT HE HAS A PRIOR

20   DEPORTATION, AND HE HAS CONCLUSIVELY ADMITTED THAT BY HIS

21   GUILTY PLEA.  SO I AM NOT SURE I UNDERSTAND THE ARGUMENT

22   ABOUT --

23             MR. PETERSON:  UNDER 201.2 FOR THE FOUR-LEVEL

24   ENHANCEMENT, THE DEPORTATION HAS TO OCCUR AFTER THE

25   CONVICTION, AND THE DEPORTATION THAT THE GOVERNMENT HAS

1    PROVIDED EVIDENCE OF IS FROM BEFORE THE CONVICTION.

2            THE COURT:  ON THE PRIOR OFFENSE?

3            MR. PETERSON:  ON THIS CURRENT.

4            THE COURT:  THAT'S BECAUSE THEY DIDN'T KNOW ABOUT

5    THIS ONE, RIGHT?

6            MR. CANOVER:  I THINK DEFENSE COUNSEL MAY BE

7    ALLUDING TO THE FACT THAT WE HAVE NOT YET RECEIVED THE

8    DEPORTATION DOCUMENTS ON THE CONVICTION THAT WE WERE UNAWARE

9    OF AND PROVIDED THEM TO DEFENSE COUNSEL.  OF COURSE, WE HAVE

10   NOT PROVIDED THOSE TO THE COURT.

11           THE COURT:  WELL, I NOTE THAT POINT.  NONETHELESS, I

12   FIND THAT THE ADJUSTED OFFENSE LEVEL UPWARD IS 12.

13   MR. ESPARZA HAS ACCEPTED RESPONSIBILITY.  SO I DEDUCT TWO

14   POINTS FOR THAT.  THAT TAKES IT TO A 10.  HE IS IN CRIMINAL

15   HISTORY CATEGORY 3.  THERE IS AN ARGUMENT, I SUPPOSE, THAT

16   THAT'S OVER-REPRESENTED.  BUT I WOULD REJECT THAT ARGUMENT IN

17   THIS CASE.  THE GUIDELINES ARE CORRECTLY CALCULATED.

18           IN PARTICULAR, HIS CRIMINAL HISTORY IS CORRECTLY

19   CALCULATED, AND WHAT WOULD CAUSE ME TO LEAVE HIM AT A THREE,

20   EVEN THOUGH THAT MAY BE HARSH FOR A GUY WITH NO OTHER

21   CRIMINALITY OTHER THAN COMING INTO THE UNITED STATES A COUPLE

22   OF TIMES.

23           AS I SAID, IN NOVEMBER HE IS GIVEN A SWEETHEART DEAL

24   AND HE IS BACK ALREADY IN JANUARY.  MOST OF THE TIME I DON'T

25   LIKE THE DOUBLE-WHAMMY EFFECT.  HE COMMITTED IT WITHIN A YEAR

1    AND HE IS STILL ON SUPERVISED RELEASE.  SO THAT ADDS

2    EXPONENTIALLY TO THE POINTS.

3         BUT IN THIS CASE I DIDN'T THINK THAT THE GUIDELINES

4    HAVE WORKED CORRECTLY AND PUT HIM IN CRIMINAL HISTORY CATEGORY

5    3.  I DON'T KNOW BECAUSE I DON'T HAVE A FULL PROBATION REPORT,

6    BUT I AM ASSUMING THAT THERE IS A DEPORTATION HISTORY ANYWAY

7    THAT LEAD TO THIS FIRST CHARGING THIS FELLOW.

8         MR. PETERSON:  THAT IS THE AUGUST 20TH DEPORTATION.

9         THE COURT:  NOT MORE THAN THAT?  HE HASN'T BEEN

10    CAUGHT A BUNCH OF TIMES?

11         MR. PETERSON:  I BELIEVER THERE ARE A NUMBER OF

12    RETURNS.

13         THE COURT:  SO THE POINT IS, MR. ESPARZA CAN'T COME

14    BACK INTO THE UNITED STATES.  THE BORDER PATROL HAS TOLD HIM

15    THAT AND TWO JUDGES HAVE NOW TOLD HIM THAT.  I AM GOING TO

16    HOLD YOU TO YOUR PROMISE THAT YOU MADE TO ME THAT YOU ARE NOT

17    COMING BACK.

18         I HAVE LOOKED AT THIS UNDER 3553(A).  THIS IS AT THE

19    BENIGN END OF THE 3553(A) SPECTRUM THAT I SEE BECAUSE OF

20    THE LACK OF SUBSTANTIVE CRIMINAL RECORD BEYOND THE IMMIGRATION

21    OFFENSES.

22         I ACCEPT HIS STATEMENT THAT HIS MOTIVE WAS TO COME

23    HERE TO WORK AND NOT TO CAUSE OTHER TROUBLE, BUT HE DOESN'T

24    GET TO DO THAT.  AMONG THE 3553(A) FACTORS THAT I THINK ARE

25    PARAMOUNT IN THIS CASE IS FOR DETERRENCE.  I NEED TO FASHION A

1    SENTENCE THAT WILL UNDERSCORE WHAT I HAVE SAID TODAY THAT

2    MR. ESPARZA CAN'T COME BACK.

3              THE COURT FINDS ON BALANCE THE MOST REASONABLE

4    SENTENCE IS PROBATION.  I PLACE MR. ESPARZA ON PROBATION FOR A

5    PERIOD OF FIVE YEARS.  FIRST CONDITION OF PROBATION IS THAT HE

6    SERVE NINE MONTHS IN CUSTODY.

7              SECOND, THAT HE VIOLATE NO LAWS OF THE UNITED STATES

8    DURING THE NEXT FIVE YEARS; AND THIRD, THAT HE NOT COME BACK.

9    PERIOD.  IF HE COMES BACK, HE FACES A MUCH LONGER SENTENCE ON

10   A NEW OFFENSE PLUS A PROBATION VIOLATION FROM ME.

11             THE PROBATIONARY SENTENCE WITH THE CONDITION -- THE

12   FIRST CONDITION BEING NOT A JAIL SENTENCE HERETOFORE HAS BEEN

13   THOUGHT TO BE NOT AUTHORIZED, BUT THE COURT HAS CHECKED WITH

14   PROBATION CONCERNING AN ISSUE THAT WAS RAISED LAST WEEK ABOUT

15   WHETHER A CUSTODIAL TERM AS A CONDITION OF PROBATION WAS

16   APPROPRIATE.  PROBATION HAS LOOKED AT THE SECTION.  REMIND ME

17   AGAIN, MR. PROBATION OFFICER.

18             THE PROBATION OFFICER:  18 U.S.C. 3563(B)10.

19             THE COURT:  18 U.S.C. 3563(B)10, MR. PETERSON.

20   THAT'S THE SECTION I AM RELYING ON.

21             3563(B)10 PROVIDES THAT "AS A CONDITION OF

22   PROBATION, THE COURT MAY ORDER THE DEFENDANT TO REMAIN IN THE

23   CUSTODY OF THE BUREAU OF PRISONS DURING NIGHTS, WEEKENDS, OR

24   OTHER INTERVALS OF TIME TOTALING NO MORE THAN THE LESSER ONE

25   YEAR FOR THE TERM OF IMPRISONMENT AUTHORIZED FOR THE OFFENSE

22

1    DURING THE FIRST YEAR OF THE TERM OF PROBATION."

2            SO I FIND THAT I DO HAVE AUTHORITY TO IMPOSE A

3    NINE-MONTHS SENTENCE PURSUANT TO THAT AS THE FIRST CONDITION

4    OF PROBATION.

5            SO YOU UNDERSTAND THE CONDITIONS OF PROBATION THAT I

6    HAVE JUST SET?

7            THE DEFENDANT:  YES.

8            THE COURT:  HE WILL, OF COURSE, GET CREDIT FOR ANY

9    TIME HE SPENT IN CUSTODY AWAITING THE DISPOSITION OF HIS CASE.

10   HOW LONG HAS HE BEEN IN ON THIS CASE?

11           MR. PETERSON:  63 DAYS, A LITTLE OVER TWO MONTHS.

12           THE COURT:  SO THAT WILL CUT AGAINST IT.

13           MR. PETERSON:  YOUR HONOR, I WOULD NOTE THAT SINCE

14   THE CHARGE IN THE INFORMATION CARRIES A MAXIMUM OF TWO YEARS

15   IMPRISONMENT, I THINK TWO YEARS OF PROBATION WOULD BE THE

16   MAXIMUM THAT YOU'D BE AUTHORIZED TO GIVE.

17           THE COURT:  NO.  SOMEBODY CHECKED ON THAT.  EVEN ON

18   A MISDEMEANOR IT IS UP TO FIVE YEARS.  MS. DIIORIO DID THE

19   RESEARCH ON THAT.  AND I CAN'T GIVE YOU THE SECTION.  OF

20   COURSE, I CORRECT THE JUDGMENT IF I AM IN ERROR ON THAT.  I

21   THINK IT'S UP TO FIVE YEARS.  SO I DO IMPOSE FIVE YEARS

22   PROBATION ON THOSE CONDITIONS.

23           NOW, THAT EXCEEDS THE 60 DAYS.  THAT TRIGGERS HIS

24   RIGHT TO APPEAL.

25           MR. ESPARZA, YOU HAVE A RIGHT TO APPEAL THE JUDGMENT

23

1    AND SENTENCE I JUST PRONOUNCED.  YOUR NOTICE OF APPEAL HAS TO

2    BE FILED WITH THE NEXT 10 DAYS IN THIS COURT.  MR. PETERSON

3    WILL HELP YOU IF YOU CHOOSE TO APPEAL OR THE CLERK OF THE

4    COURT WILL.  BECAUSE YOU ARE INDIGENT, YOU HAVE A RIGHT TO

5    FILE A FREE APPEAL.

6              DO YOU UNDERSTAND YOUR RIGHT TO APPEAL?

7              THE DEFENDANT:  YES.

8              THE COURT:  THE COURT DECLINES TO IMPOSE A FINE.

9    MR. CANOVER, THIS IS A CASE WHERE I THINK HE'LL NEED WHATEVER

10   MONEY HE HAS ON THE BOOKS TO GET BACK TO MEXICO.  IF YOU MOVE

11   TO REMIT THE PENALTY ASSESSMENT, I WILL GRANT THAT MOTION.

12             MR. CANOVER:  SO MOVED, YOUR HONOR.

13             THE COURT:  PENALTY ASSESSMENT IS REMITTED.

14             GOOD LUCK.  MR. ESPARZA, DON'T COME BACK.  THE

15   SENTENCE IS NECESSARILY GOING TO BE MORE NEXT TIME.

16             THE DEFENDANT:  THANK YOU.

17             MR. PETERSON:  THANK YOU, YOUR HONOR.

18                         --O0O--

19

20             I HEREBY CERTIFY THAT THE TESTIMONY

21             ADDUCED IN THE FOREGOING MATTER IS

22             A TRUE RECORD OF SAID PROCEEDINGS.

23             S/EVA OEMICK              4-8-08

24             EVA OEMICK                    DATE
               OFFICIAL COURT REPORTER

25

COMPUTER-AIDED TRANSCRIPTION